THOMAS, Justice.
The claimant on 27 January 1961 and 4 February 1961 suffered lumbo sacral sprains from accidents arising out of, and in the course of his employment. On these dates Fund Insurance Companies carried the insurance of the employer, Hood’s Dairy.
The workman was provided with medical care and was paid compensation benefits.
On 17 January 1963 the deputy commissioner determined, that Severino, the claimant, had reached maximum medical improvement and had sustained a loss of 30% permanent partial disability of the body as a whole. Employer and carrier did not appeal from the order containing these findings; nor did the claimant.
The 14th of the following May the attorney for the claimant filed a “claim for compensation” on an apparent stereotyped form. Superimposed was the title “PETITION FOR MODIFICATION.” In the body of the paper appeared a claim for compensation or medical treatment or both. It was stated that information supporting the claim was being set out as required by Sec. 440.19(1) (c), Florida Statutes, F.S.A., but no information was given except the names and addresses of the employer and employee and references to the dates of the accidents and the deputy’s order. In the space provided for a statement of the compensation and remedial treatment claimed appeared .only these words “Feti *590 tion for Modification Order entered 1-17-63 based on change of condition, attorney’s fees and costs.” Parenthetically, Sec. 440.-19(1) (c) applies to the filing of original claims.
The matter came on for hearing 10 July 1963. At claimant’s insistence the hearing was adjourned to 21 November 1S63.
In the interim, 6 October 1963, the claimant without authorization of the employer or carrier went to the Mayo Clinic in Rochester, Minnesota. It was 11 days later that the claimant’s attorney apprised the employer and carrier that his client was in the clinic, that surgery had been recommended and would be performed 19 October. According to testimony for the claimant it was, then, not until 17 October that employer and carrier were apprised of claimant’s whereabouts and the contemplated operation. According to their statement they knew nothing about the operation beforehand. They did not authorize the surgery despite the effort of claimant’s attorney to get them to do so.
Even so, the deputy reasoned that although the claimant did not “specifically request authorization” to secure treatment at th'e Mayo Clinic he was, nonetheless, entitled to reimbursement for the cost since the employer and carrier had refused to pay for medicatiqn after 17 January 1963. That was the date of the order declaring claimant had reached maximum medical improvement; and the order was silent about further medical treatment.
We have difficulty finding in the record support for the charge that medical care was declined after 17 January 1963. The only testimony approaching such a contention was claimant’s own statement that “they” had sent a letter to the drug store advising that the carrier would not after that date be responsible for any drugs sold to claimant.
The claim for cost of the treatment at the Mayo Clinic should have been disallowed under our decision in Corporate Group Service, Inc. v. Lymberis, 146 So. 2d 745 (Fla.1962). The method followed by the claimant in securing an operation at the Mayo Clinic did not remotely comply with the requirements set out in Sec. 440.13 of Workmen’s Compensation Law or the cited case, and the order of the deputy commissioner approving it as well as the order of the Full Commission affirming what the deputy held were erroneous and must be reversed. Under this section the employee may recover for remedial treatment arranged by himself only if the employer fails to furnish the .treatment after request. It is obvious in this record, as we have already shown, that the claimant was already in the Mayo Clinic when he attempted to get the carrier or employer to agree to pay for the attention he was receiving and the operation which had been arranged and that he went forward with the latter solely on the instruction of his own attorney. So the employer could hardly be said to have been given the opportunity to provide the treatment or to decline to do so. Greene v. Mackle Co., 142 So.2d 283 (Fla.1962).
 Moreover the petition, called one for modification, was wholly insufficient because of failure to comply with the requirements of Sec. 440.19(1) (c) of the law if it was a claim for compensation, according to one of its titles. On the other hand, if the petition was one for modification, according to its other title, it was devoid of any statements that if proven would justify the relief supposedly sought.
The deputy commissioner specifically found that the claimant was entitled to reimbursement for the medical treatment at the Mayo Clinic in view of the fact that medication after 17 January 1963 had been refused and “in view of the fact that between May and October of 1963 no [medical] treatment had been offered * *
We think no justification was shown for departure from the procedure prescribed by the statute.
*591 Moreover, we are convinced that the nebulous double-titled petition we have described could not be so buttressed by the mere statement in the “application for hearing on claim” that “compensation and/or remedial treatment claimed to be due at this time are as follows: Additional temporary total, Medical Attention” as to satisfy the requirements of th.e statute, Sec. 440.13, in respect of substitution of medical treatment, ■care and attendance by the claimant when the employer fails to furnish them. These circumstances did not form a sound basis for securing treatment at the Mayo Clinic at the expense of the employer.
The employer and carrier objected to the charge for the services at Mayo Clinic because the physicians who rendered them failed to file any reports until 17 January 1964, although such reports are required to be made within 10 days following the first treatment under Sec. 440.13, supra.
 The deputy commissioner excused the disregard of the statutory requirement for two reasons: (1) because the claim was being actively contested, and (2) because the Clinic, situated in Minnesota, should not be charged with knowledge of the Florida Workmen’s Compensation Law. True, the Commission may forgive failure to file the reports but only for “good cause.” Neither of the causes related by the deputy ■could be characterized as “good”. In the first place it could not be said with accuracy that the medical care being received and that contemplated were being actively contested. This is obvious from the circumstances already related. In the second place, the geographical feature is impertinent. The claimant should not be heard to offer this as an excuse when he shared with the physicians the responsibility of filing the reports or justifying the failure to do so. Oolite Concrete Co. v. Carver, 145 So.2d 733 (Fla.1962).
The Full Commission affirmed the order of the deputy on authority of the case of United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.), since the findings of fact were supported by competent evidence comporting with logic and reason. We are not disposed to disturb these findings but we conclude that, accepting them, error has been committed by their application to the points of law involved.
The order of the Full Commission is quashed with directions to remand the cause to the deputy commissioner^ for the entry of an order consonant with the views we have expressed.
THORNAL, C. J., ROBERTS, J., and KING, Circuit Judge, concur.
DREW, J., agrees to judgment