381 So.2d 304 (1980)
MT. SINAI MEDICAL CENTER and Argonaut Insurance Company, Appellants,
v.
Davida LACK, Appellee.
No. QQ-188.
District Court of Appeal of Florida, First District.
March 17, 1980.
*305 John G. Tomlinson, Jr. of Williams & Tomlinson, Coral Gables, for appellants.
Martin M. Dernis, Miami, for appellee.
PER CURIAM.
Appellants, employer/carrier of appellee, workers' compensation claimant, appeal the judge of industrial claims' order in his award of temporary total and partial benefits and medical costs. We agree with appellants that there is no competent substantial evidence supportive of the periods for which the temporary disability benefits were awarded. The record shows that the carrier voluntarily paid temporary total benefits from 6/23/73 until 11/10/74, after which it immediately paid temporary partial benefits until 2/9/75, the date it contended the claimant had reached maximum medical improvement. However, in the prehearing stipulation, the claimant incorrectly claimed that payment of benefits for the above periods was at issue. There, she actually claimed less than had already been paid. After 2/9/75, when the carrier began paying permanent disability benefits, the stipulation states that temporary partial benefits were claimed until 4/16/75, a period during which claimant was admittedly working. Thereafter, claimant sought temporary total benefits from 8/13/75 through 8/25/75, when she was in Jackson Memorial Hospital for diagnostic tests. Before 8/13/75, and after 8/25/75, claimant worked full-time until 3/17/76, when she ceased working altogether. On 4/20/76, she was again hospitalized for treatment and surgery, remaining in one or another hospital almost continuously until 5/27/76. In the parties' stipulation, temporary total benefits were claimed from 3/17/76 until 1/24/77, when the claimant's treating physician, Dr. Yates, stated she had reached maximum medical improvement, sustaining an 18% permanent anatomical disability. The judge of industrial claims found the claimant was temporarily and totally disabled from 2/9/75 until 1/24/77, when he agreed with Dr. Yates that the claimant had reached maximum medical improvement. This was clearly erroneous. On remand, the judge will award temporary partial and temporary total benefits as supported by the record. This will necessitate a determination of the claimant's post-injury wage-earning capacity during the periods of temporary partial disability. We note that although claimant stopped working on 3/17/76, the judge made no finding that she was totally disabled from that date until she was admitted to the hospital, on 4/20/76.
We also agree that it was error for the judge to award appellee the bills of Jackson Memorial Hospital, Dr. Reinmuth and Dr. Rosomoff. The record shows that appellee twice requested authorization of Dr. Reinmuth which appellant denied. At that time, she was working full-time and being treated by appellants' authorized neurosurgeon. On August 13, 1975, she checked into Jackson Memorial Hospital for 12 days of diagnostic testing by Dr. Reinmuth and Dr. Rosomoff, the latter referred by Dr. Reinmuth, after which she was released *306 and returned to work full-time. Appellee did not see either doctor again, and the appellant's authorized physician eventually performed a second laminectomy on her in May, 1976, based on his own diagnosis. The judge found that the treatment at Jackson Memorial was "reasonable and necessary" and ordered the bills paid. In an analogous case, Moomaw v. H-Y Fabricators, IRC Order No. 2-3236 (1977), the Commission reversed the judge's order that the claimant's bills for treatment at the Mayo Clinic be paid by the carrier:
The employer had not refused or neglected to furnish treatment. Appellant was requesting treatment in addition to that being furnished by Dr. Blumberg. The refusal to authorize treatment at Mayo Clinic was not a refusal of treatment by Dr. Blumberg but was a refusal of treatment to be furnished by a physician other than Dr. Blumberg. This is not the type failure by an employer that permits an employee to unilaterally obtain treatment and then recover amounts found to be reasonably and necessarily expended for such treatment in subsequent proceedings before a Judge of Industrial Claims. Id. at p. 3.
As in Moomaw, and on these facts, the appellee was required to seek authorization for the treatment at Jackson Memorial Hospital before the judge of industrial claims after the appellants refused her request. Compare, Redwing Carriers, Inc. v. Pinto, IRC Order No. 2-3089 (1977). See also Eden Roc Hotel v. Tamarit, IRC Order No. 2-3111 (1977); Baptist Hospital v. Mack, IRC Order No. 2-2961 (1976). It was also error to award the bills of psychiatrist, Dr. Greenberg, and psychologist, Dr. Schaeffer. There is no record of the appellee's ever requesting authorization for their treatment, of the doctors' complying with the filing requirements of Section 440.31 or of any excuse for these failures. The bills were not even in evidence.
The order is otherwise affirmed. Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
ERVIN, SHIVERS and SHAW, JJ., concur.