PER CURIAM.
The claimant presents the following points in this workers’ compensation appeal: (1) that the deputy erred in failing to award penalties; (2) that the deputy erred in failing to make a finding regarding claimant’s alleged psychiatric disability; (3) that the deputy erred in not finding claimant permanently and totally disabled; and (4) that the deputy erred in denying claimant’s motion to present additional evidence.
In his order, the deputy commissioner discusses the evidence regarding claimant’s alleged psychiatric disability and, in fact, appears to agree that there is a psychiatric component to the disability. However, in an otherwise detailed order, he makes no specific ultimate findings on this issue. Therefore, we find it necessary to remand on this issue for the deputy to decide whether, and to what extent, claimant has a psychiatric disability.
The deputy also erred in failing to award penalties due to the carrier’s belated payment of certain compensation benefits, for Section 440.20(5), Florida Statutes (1977) provides:
*1126 If any installment of compensation payable without an award is not paid within 14 days after it become due, . . . there shall be added to such unpaid installment an amount equal to 10% thereof .... (emphasis supplied)
While there are several statutory exceptions to this general rule, none are applicable to this situation.
We have considered the remaining points on appeal and find them to be without merit.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
McCORD and SHIVERS, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.