PER CURIAM.
We affirm the order of the deputy commissioner authorizing continued medical treatment of claimant by Dr. Henry Saiontz, and the performance of a myelo-gram by Dr. Saiontz if needed. We also affirm the order requiring the employer to pay for prescription drugs previously furnished to the claimant at the direction of Dr. Saiontz, and to pay for drugs prescribed in the future.
The employer’s contention that the deputy commissioner should have granted its motion to dismiss claimant’s motions for further medical treatment and payment for prescription drugs, because of lack of specificity as required by Section 440.19(2)(d), Florida Statutes (1979), and Rule 3.10(4)(j-1), Division of Worker’s Compensation, is not well-founded under the facts presented. In a previous order, dated April 3, 1980, Dr. Saiontz was authorized to examine the claimant for consideration of facet blocks and to make recommendations for additional treatment if necessary.[1] On April 8, 1980, Dr. Saiontz duly reported the results of his examination, with copies to the employer and its counsel. The report concluded with the recommendation that should *1088 the facet block not be successful claimant should have a myelogram, after which it would be determined whether physical therapy or surgery should be undertaken as treatment.
The claimant was examined and the facet blocks were performed by Dr. Saiontz but they had little or no effect in improving the claimant’s condition. Meanwhile, by letter dated April 14, 1980, the employer informed Dr. Saiontz that he was not authorized to do a myelogram, physical therapy or surgery. Dr. Saiontz responded with a letter to the employer’s counsel, dated April 22, 1980, in which he advised that since the claimant was apparently not helped by the facet blocks, and continued to have numbness and pain down his left leg, he recommended that a myelogram be performed to determine the source of his symptoms. Despite these reports and recommendations, the employer maintained its posture of refusing to authorize any additional procedures or treatment, without the benefit of any further medical examination or investigation with respect to claimant’s need for the same, and without offering or suggesting any alternatives. As a consequence, claimant had to secure the services of his present counsel, who filed the contested motions in September, 1980, and secured a hearing in November, 1980.
The statute and the rule are intended to govern claims, not motions of the kind the claimant was required to file in this case in order to secure further examination and treatment. The possible need for further examination and treatment was clearly contemplated by the previous order of April 3, 1980. The employer was “on notice” of the need for the myelogram in order to com-píete the diagnostic process, and having refused to authorize this procedure, without any medical basis for such refusal, and without offering any alternatives,[2] cannot be heard to complain of lack of notice,[3] nor can it be heard to complain of the order requiring payment of the cost of pain-relieving drugs needed to relieve claimant’s suffering in the interim. See Mayberry v. Sunland Training Center, 404 So.2d 810 (Fla. 1st DCA 1981). As appropriately pointed out by the deputy commissioner, the employer’s actions in this instance appear to run contrary to the self-executing nature of the worker’s compensation act.
AFFIRMED.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.

. The claimant had actually been referred to Dr. Saiontz, a neurosurgeon, by Dr. Green, the treating physician, for the purpose of performing the facet blocks.

. We have considered and find without merit appellant’s suggestion that the deputy commissioner should have selected another physician for a “second opinion” before authorizing the myelogram. So far as the record shows, the employer’s first request that claimant be seen by another physician was made at the November 6, 1980 hearing, some six and one-half months after Dr. Saiontz’s letter advising of the necessity for further evaluation of claimant.

. In an abundance of caution, since Dr. Saiontz was not called as a witness at the hearing, the deputy commissioner allowed the employer’s attorney to take the deposition of Dr, Saiontz subsequent to the hearing and before entering his order. Although this procedure satisfied due process requirements it was far too late, at that point, for the employer to attempt to fulfill its investigative duties by attempting to establish, through Dr. Saiontz, that other possible alternative diagnostic or treatment measures might have proved beneficial to the claimant.