416 So.2d 1234 (1982)
CITY OF FORT LAUDERDALE, Appellant,
v.
Grady FLANDERS, Appellee.
No. AH-449.
District Court of Appeal of Florida, First District.
July 20, 1982.
Albert P. Massey, III, of Pyszka & Kessler, Fort Lauderdale, for appellant.
Marvin J. Kristal, North Miami, of Ira J. Druckman, P.A., Miami, for appellee.
McCORD, Judge.
Appellant employer appeals the deputy commissioner's order directing employer to pay the medical bills of Dr. Centrone, who performed an unauthorized operation on appellee. We reverse.
Appellee injured his back in a June 12, 1979, work-related accident and thereafter received authorized medical treatment. In October 1979, he was seen by Dr. Centrone for authorized evaluation and tests. Dr. Centrone recommended back surgery. In December 1979, appellant had appellee examined by Dr. Sheffel, a neurosurgeon. Dr. Sheffel recommended against surgery. Appellant then denied further authorization of Dr. Centrone and specifically authorized further treatment from three other doctors, including Sheffel. In March 1980, appellee requested that the deputy commissioner appoint another evaluating physician. On May 1, 1980, the deputy commissioner authorized Dr. Woolsey who, after examination, recommended against surgery. Several times, appellee sought authorization of Dr. Centrone. Each time, appellant refused authorization but continued to authorize treatment from other qualified doctors. By June 16, 1980, Dr. Centrone was aware that he was no longer authorized. Nevertheless, on August 21, 1980, he performed the nonemergency back operation on appellee. Appellee did not seek a hearing before the deputy commissioner prior to that surgery for a decision as to whether appellant would be responsible for the bills resulting therefrom.
The evidence is undisputed that appellee's condition has improved since the surgery. After the hearing, the deputy commissioner accepted Dr. Centrone's opinion that the *1235 surgery was reasonable and necessary and thereupon found that appellant, having failed to provide necessary treatment despite numerous requests by appellee, is responsible for the medical bills incurred.
Section 440.13(2), Florida Statutes, provides:
If an injured employee objects to the medical attendance furnished by the employer, it shall be the duty of the employer to select another physician to treat the injured employee [as was done in this case] unless a deputy commissioner determines that a change in medical attendance is not for the best interests of the injured employee; however, a deputy commissioner may at any time, for good cause shown, in the deputy commissioner's discretion, order a change in such remedial attention, care, or attendance. (Emphasis supplied.)
Section 440.13(1) provides:
If the employer fails to provide [medical treatment] after request by the injured employee, such injured employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a deputy commissioner. The employee shall not be entitled to recover any amount personally expended for such treatment or service unless such employee shall have requested the employer to furnish the same and the employer shall have failed, refused, or neglected to do so or unless the nature of the injury required such treatment, nursing, and services and the employer or the superintendent or foreman thereof, having knowledge of such injury, shall have neglected to provide the same. (Emphasis supplied.)
In the instant case, although appellant refused to authorize Dr. Centrone, it did not fail to provide medical treatment since it provided appellee alternative medical treatment. Therefore, appellee was not entitled to undergo unauthorized treatment and later have the reasonableness and necessity of that treatment approved after the fact by a deputy commissioner. Appellee should have sought prior approval of the surgery from the deputy commissioner. Compare Mt. Sinai Medical Center v. Lack, 381 So.2d 304 (Fla. 1st DCA 1980), in which the court declared that when the employer was providing alternative medical treatment, the claimant was required to seek authorization for other treatment before the judge of industrial claims after her employer had refused her request for that treatment. Compare also Pinellas County School Board v. Fly, 393 So.2d 610 (Fla. 1st DCA 1980). There the employer refused to authorize one doctor but did authorize another, as in the instant case. This Court determined that the deputy commissioner's finding that the unauthorized treatment was reasonable and necessary did not excuse the failure to secure the necessary authorization.
REVERSED.
SHIVERS and WIGGINTON, JJ., concur.