424 So.2d 155 (1982)
COMMERCIAL CARRIERS, INC., Self-Insured, Appellants,
v.
Elliott L. PORTER, Appellee.
No. AG-413.
District Court of Appeal of Florida, First District.
December 29, 1982.
*156 Bernard J. Zimmerman, William G. Berzak and Michael M. O'Brien of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Peter S. Schwedock of Pelzner, Schwedock, Finkelstein & Klausner, Miami, for appellee.
JOANOS, Judge.
In this workers' compensation appeal the employer (self-insured) contests the deputy commissioner's order insofar as it ordered employer to pay for unauthorized non-emergency medical treatment and the accompanying hospitalization at American Hospital on the basis that it was reasonable and necessary; ordered employer to pay the bill of Baptist Hospital which employer asserts had been paid for over a year prior to the order; awarded $6,302.00 to Olga Porter for nursing services; and ordered employer to pay claimant's attorney a fee of $44,000. (The accident occurred on September 25, 1976.) We reverse as to all of these issues, except as to the Baptist Hospital bill, with regard to which we amend the order to provide for payment of that bill only if it has not been paid previously.
The award of payment for unauthorized medical treatment is reversed on the authority of City of Fort Lauderdale v. Flanders, 416 So.2d 1234 (Fla. 1st DCA 1982). In the present case, Dr. Rivet, who performed certain unusual operations called cingulotomies for relief of claimant's severe pain, was informed prior to rendering this treatment that it was unauthorized. In addition, claimant's authorized treating physician, Dr. Dooley, recommended against the surgery. Although it is not asserted that the surgery was performed under emergency conditions, prior authorization was not sought before the deputy commissioner. There is evidence that the operations were successful in relieving claimant's pain, and although he died shortly afterwards there is no suggestion by the treating physician that the operations contributed to his death. In the order, the deputy concluded that there had been no showing of prejudice to the employer, and no showing that the employer ever offered claimant an alternative to Dr. Rivet's care and that, in fact, the testimony showed that the surgical procedure performed by Dr. Rivet "is so unique that he is one of the very few people in the United States qualified to undertake that procedure." The determinative finding, that employer failed to offer claimant alternative care, is not supported by competent substantial evidence in the record. Employer was providing treatment by Dr. Dooley. Even though Dr. Rivet offered highly specialized treatment, the treating physician was consulted and recommended against the procedure. This does not constitute failure to provide alternative treatment. See Mt. Sinai Medical Center v. Lack, 381 So.2d 304 (Fla. 1st DCA 1980). Under the non-emergency circumstances of this case, prior authorization should have been sought before the deputy commissioner. The award of payment of the bill of American Hospital incurred pursuant to the unauthorized surgery is also reversed. Id.
In the deputy's order dated August 31, 1979, which was earlier appealed to this court and affirmed without opinion, he ordered employer to pay Olga Porter $50 per day for attendant care services and provide care by another aide for one eight hour shift per day except during periods of hospitalization. In the order presently on appeal, the deputy ordered employer to pay Mrs. Porter an additional $46 per day because "the employer did not provide 24 hour care for 137 days and as a result Mrs. Porter handled that shift herself." Appellant asserts that this latter award is precluded by the principle of res judicata because it relates to attendant care the claim for which was resolved by the order of August 31, 1979. Appellee's response to this argument is: "If in fact the deputy ordered duplication of payments, he erred, and that part should be stricken. However, based on this record we submit that such is not the case and therefore this point should be affirmed." Appellee misinterprets appellant's argument, which is not based on duplication of benefits, and in addition has *157 made no attempt to direct our attention to competent substantial evidence in the record to support the award. We have reviewed the record, which incorporates the previous record on appeal, and since it appears the award of additional payment was for a period of time addressed in the 1979 order, we conclude that appellant is correct. In effect, the deputy has modified the previous order on attendant care without proper justification. See Hodges v. State Road Department, 171 So.2d 523 (Fla. 1965); Southern Bell Telephone and Telegraph Co. v. Blackstock, 419 So.2d 360 (Fla. 1st DCA 1982); and Green Thumb Corp. v. Britten, 393 So.2d 613 (Fla. 1st DCA 1981). The award of additional payment to Mrs. Porter for attendant care services is reversed.
Finally, appellant contends the award of $44,000 in attorney's fees is excessive and constitutes an abuse of discretion. Part of the award ($36,500) was based on services relating to the first compensation order of August 31, 1979. In making this award, the deputy found that claimant's counsel "was responsible for procuring approximately $90,000 in benefits on behalf of Mr. Porter" without considering benefits which were voluntarily provided. We have been unable to locate competent substantial evidence in the record to support the finding that $90,000 in benefits were procured by claimant's counsel under the terms of that first order. The second part of the award ($7,500) was for obtaining the award for Dr. Rivet's unauthorized surgery, the accompanying bill of American Hospital, and the bill of Baptist Hospital. Inasmuch as we have reversed or modified each of these awards, this portion of the fee must also be reversed. The award of $44,000 in attorney's fees is reversed and remanded for redetermination in light of this opinion.
REVERSED and REMANDED.
McCORD, J., concurs.
ERVIN, J., concurs and dissents with written opinion.
ERVIN, Judge, concurring and dissenting.
I concur in all facets of the majority's opinion, except that portion reversing the deputy's order which directed the appellant to pay certain medical bills relating to the cingulotomies performed by Dr. Rivet. In my judgment there is competent and substantial evidence supporting the deputy's finding that there was no showing "that the employer ever offered to claimant any alternative to Dr. Rivet's care." Section 440.13(1), Florida Statutes (1975), provides in pertinent part:
If the employer fails to provide the same [remedial treatment, care, etc.] after request by the injured employee, such injured employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a judge of industrial claims. The employee shall not be entitled to recover any amount personally expended for such treatment or service unless such employee shall have requested the employer to furnish the same and the employer shall have failed, refused or neglected to do so, or unless the nature of the injury required such treatment, nursing, and services and the employer or the superintendent or foreman thereof, having knowledge of such injury, shall have neglected to provide the same; ... .
Subsection (2) of the statute also states:
If an injured employee objects to the medical attendance furnished by the employer, it shall be the duty of the employer to select another physician to treat the injured employee unless a judge of industrial claims determines that a change in medical attendance is not for the best interest of the injured employee; ... .
The command of the statute is explicit: It is the duty of the employer to select another physician to treat the injured employee in all circumstances save one, and then only if the judge of industrial claims determines that a change in medical attendance is not in the best interest of the injured employee. In the instant case, no alternative treatment or physician was proposed by the employer.
*158 The situation before us is strikingly similar to that in Deinema v. Pierpoint Condominiums, 415 So.2d 811, 813 (Fla. 1st DCA 1982), in which the claimant, having become dissatisfied with the treatment furnished by his authorized physician, requested the employer to provide the care of another doctor. The employer/carrier responded to this request by simply reauthorizing the same physician whom it had previously authorized. The claimant, without seeking a prior order from the deputy, ignored the employer's action, then sought and received treatment from the doctor whom he had requested. In reversing that portion of the deputy's order which refused to order the employer to pay for the requested evaluation and treatment of the unauthorized physician, we observed that the employer's reauthorization of the same doctor did not comply with the express provisions of Section 440.13(2), Florida Statutes (1979), which, in language identical to that of the 1975 statute, requires the employer "to select another physician to treat the injured employee" if the claimant objects to the medical treatment provided. Thus, we held that after the failure of the employer to provide alternative treatment, if the facts disclose the claimant's dissatisfaction with the authorized physician is for good cause, the deputy, under the provisions of the statute, has no choice other than to approve the services provided by the claimant's selected physician.
The majority's reliance upon City of Ft. Lauderdale v. Flanders, 416 So.2d 1234 (Fla. 1st DCA 1982), is in my judgment misplaced. The facts recited in the opinion reveal that once the claimant's authorized physician recommended against certain surgery proposed by another physician, the employer authorized treatment by two other doctors. Moreover, on each later occasion that claimant requested the treatment by a specified doctor, the employer, while denying the request, offered alternative care. Hence, this court properly held that if an employer proposes alternative medical treatment, the claimant has no right to select a physician of his own choosing without seeking the deputy's approval.
Although the factual pattern in Ramada Inn v. Foster, 409 So.2d 1087 (Fla. 1st DCA 1982) is somewhat dissimilar to that before us, the opinion nevertheless reiterates the general rule that once an employer is upon notice of the need of a certain recommended procedure, and after it has refused to authorize the procedure, without any medical basis for its refusal, and without offering any alternatives, it cannot be heard to complain of lack of notice, nor of the deputy's order requiring it to pay for the cost of pain relieving drugs needed to relieve claimant's suffering.
In the instant case, the deputy had before him competent and substantial evidence supporting his finding that the recommended cingulotomy was necessary. Claimant, previously accepted as permanently and totally disabled, was subjected to continuing and unremitting pain, which could be alleviated only with high dosages of narcotics. In order to relieve the pain and reduce the patient's dependency on the narcotics, Dr. Dooley, claimant's authorized physician, called in Dr. Rivet, who first recommended the implantation of electrodes in claimant's skull. The procedure, performed by Dr. Rivet with Dr. Dooley's assistance, was unsuccessful. After its failure, claimant's attorney contacted the employer's claim representative concerning Dr. Rivet's proposed cingulotomy. The representative, based upon Dr. Dooley's negative opinion, declined the treatment, yet, despite notice of claimant's unbearable pain, offered no suggested alternatives. Dr. Rivet, aware of the employer's position, nevertheless performed three cingulotomies on claimant, which ultimately proved successful in that after the final one, claimant's pain was alleviated to the extent that he had no further need for the alloted narcotics. As a consequence, the deputy had before him competent and substantial evidence from which he could conclude that the performance of the cingulotomies was both reasonable and necessary.
I would therefore sustain the deputy's order as it relates to those medical services, but otherwise concur in the remaining portions of the majority's opinion.