ROBERT P. SMITH, Jr., Judge.
The self-insured employer contests the deputy’s retroactive authorization of treatment by the chiropractor claimant chose when the physician chosen by employer released claimant to return to work with continuing back pain. The employer’s contention, citing a number of decisions, is that this is another case of an injured worker unilaterally selecting a new physician, without prior approval by either the employer or deputy commissioner, while other medical care was still offered by the employer. Sec. 440.13, Fla.Stat. (1981). The record of the brief hearing, where claimant alone testified, gives a slightly different impression: that claimant told his supervisor he still had pain and was going to the chiropractor, that his supervisor referred claimant back to the authorized physician but did not object to the chiropractor, and that claimant went to the chiropractor, receiving treatment that relieved him. Though claimant was dissatisfied with the treatment accorded by the previously authorized physician, it is not clear that he so expressed himself to the employer, or was questioned in that regard by the employer. Sec. 44.13(2), Fla.Stat. (1981).
The sketchy evidence, or the evidence of a sketchy conversation between claimant and his employer, is therefore susceptible of a finding that section 440.13 lapsed in its self-executing purpose because the employer did not object to authorizing the chiropractor, did not determine whether claimant objected to returning to the authorized physician, and therefore did not determine its duty to “select another physician to treat the injured employee unless [on the employer’s motion] a Deputy Commissioner determines that a change in medical attendance is not for the best interest of the injured employee.” Sec. 440.13(2).
The deputy might have faulted claimant instead, for indicating to the employer that he would pay the chiropractor’s bill from other insurance that did not materialize. But that factor, together with the employer’s continuing duty to “furnish to the employee such remedial treatment ... as the nature of the injury ... may require,” see. 440.13(1), were factors to be weighed by the deputy, not by this court on such a record as this.
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.