440 So.2d 49 (1983)
SEARS, ROEBUCK AND COMPANY, Appellant,
v.
Rafael VIERA and Division of Workers' Compensation, Appellees.
No. AS-22.
District Court of Appeal of Florida, First District.
November 9, 1983.
*50 H. George Kagan, of Miller, Hodges & Kagan Professional Association, Miami, for appellant.
Jay M. Levy of Hershoff & Levy, Miami, for appellee Rafael Viera.
No appearance for appellee Division of Workers' Compensation.
WIGGINTON, Judge.
The self-insured employer disagrees with the deputy commissioner's retroactive authorization of treatment by claimant's chiropractor, and with his inclusion of unreported tips in claimant's average weekly wage. Claimant contests the deputy commissioner's failure to assess penalties against the employer for late payment of temporary total disability benefits, and with his failure to compute the compensation rate using claimant's recomputed average weekly wage based on the unreported tips. We affirm in part and reverse in part.
We affirm the deputy's retroactive authorization of chiropractic treatment. The record reveals that the employer authorized a long line of orthopedic surgeons and neurologists to treat claimant's lower back injury. However, claimant objected to the treatment rendered by these physicians, which might have ultimately led to surgery, and requested the treatment of Dr. Mark Baum, a chiropractor, or any other chiropractor chosen by the employer. The employer, "miffed" at claimant's audacity, refused to acquiesce and did not authorize any chiropractor or alternative care, instead choosing *51 to rest on the laurels of the previously authorized physicians. Claimant, nonetheless, proceeded to undergo unauthorized, but successful, treatment by Dr. Baum, subsequently seeking payment of his bills by the employer, conditioned upon the treatment's "reasonableness and necessity" being approved by the deputy.
In this appeal, the employer relies on our recent holdings in Commercial Carriers, Inc. v. Porter, 424 So.2d 155 (Fla. 1st DCA 1982) and City of Fort Lauderdale v. Flanders, 416 So.2d 1234 (Fla. 1st DCA 1982) for reversal, arguing that it was claimant's duty to seek prior authorization from the deputy commissioner since the employer had authorized treatment by other physicians. On the other hand, claimant argues that the employer had the responsibility to go before the deputy when it objected to his request for chiropractic care. The deputy commissioner agreed and held that once claimant objected to the services rendered by the authorized physicians and requested alternative care, it was the employer's duty, under section 440.13(2), Florida Statutes (1981),
to either select a physician to provide such care to the claimant or to seek a ruling from the deputy commissioner that such change in medical attendance would not be in the best interest of the claimant. Failing in same the employer must pay for the requested treatment subject only to the reasonableness and necessity of same.
The deputy's conclusion properly coordinates the legislative mandate contained in subsections (1) and (2) of section 440.13,[1] and is not inconsistent with our holdings in Commercial Carriers, Inc. v. Porter and City of Fort Lauderdale v. Flanders. In Porter, the claimant was not seeking alternative treatment as such, but merely additional care. Therefore, he was first required to seek prior approval from the deputy commissioner for the unauthorized care, demonstrating good cause therefor. Section 440.13(2); see also Mt. Sinai Medical Center v. Lack, 381 So.2d 304 (Fla. 1st DCA 1980); and Delta Airlines v. Underwood, 406 So.2d 1188 (Fla. 1st DCA 1981) (absent an emergency, a claimant cannot arbitrarily change physicians without seeking prior approval from the deputy commissioner).
In Flanders, the employer did not fail to provide medical treatment since it provided the claimant alternative care. We held:
Therefore, [claimant] was not entitled to undergo unauthorized treatment and later have the reasonableness and necessity of that treatment approved after the fact by a deputy commissioner. [Claimant] should have sought prior approval of the surgery from the deputy commissioner.
416 So.2d 1234 at 1235. In the instant case, the employer utterly failed in its duty by totally disregarding claimant's request, neither providing the alternative care nor seeking a deputy commissioner's determination that "a change in medical attendance is not for the best interests of the injured employee... ." Section 440.13(2). Therefore, claimant was entitled to the retroactive authorization of treatment by Dr. Baum. Orange County Board of County Commissioners v. Davis, 440 So.2d 462 (1983).
*52 However, we reverse the portion of the deputy's order increasing claimant's average weekly wage by the amount of tips conceded by claimant to have been received without the knowledge of the employer. Section 440.02(12), Florida Statutes (1981), defines "wages" as including "gratuities received in the course of employment from others than the employer, only when such gratuities are received with the knowledge of the employer." (e.s.) "Knowledge" as used in section 440.02(12) was defined by the Industrial Relations Commission as being
actual knowledge of not only the fact that gratuities are received, but also the amount of the gratuities, except where the employer closes his eyes to the obvious, or fails to make a good faith effort to determine the amount of gratuities being received by employees.
Julian's Dining Room & Lounge v. Olsen, IRC Order 2-2770 (April 30, 1975), cert. denied, 330 So.2d 20 (Fla. 1976); Top of the Home Restaurant v. Mourino, IRC Order 2-3490 (July 26, 1978). In the present case, no evidence was offered to show that the employer knew or could have been expected to know that claimant had been receiving the tips. On the other hand, it was uncontroverted that claimant had not reported the tips to the employer. Unreported wages may not be included in the wage computations. Holiday Inn v. Pope, 402 So.2d 1303 (Fla. 1st DCA 1981).
We now address claimant's points on cross appeal. First, regarding the denial of penalties, there was shown no statutory exception applicable to the general rule outlined in section 440.20(7), Florida Statutes (1981). Therefore the deputy erred in failing to award claimant penalties due to the employer's belated payments of temporary total disability benefits. Williams v. Brannen Prestress Co., Inc., 404 So.2d 1125 (Fla. 1st DCA 1981). That portion of the order is reversed and the deputy is instructed to award the appropriate amount of penalties.
Second, regarding claimant's compensation rate, because of our holding the tips to be improperly included in claimant's average weekly wage, we find no error in the deputy's failure to increase the rate commensurate with his increasing claimant's average weekly wage to include the tips. The deputy's order in that regard is therefore affirmed.
AFFIRMED in part, REVERSED in part, and remanded for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr. and BOOTH, JJ., concur.
NOTES
[1] Section 440.13 provides in relevant part:

(1) ..., the employer shall furnish to the employee such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon or other recognized practitioner, nurse, or hospital and for such period as the nature of the injury or the process of recovery may require... . If the employer fails to provide the same after request by the injured employee, such injured employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a deputy commissioner.
. . . . .
(2) If an injured employee objects to the medical attendance furnished by the employer, it shall be the duty of the employer to select another physician to treat the injured employee unless a deputy commissioner determines that a change in medical attendance is not for the best interests of the injured employee; however, a deputy commissioner may at any time, for good cause shown, in the deputy commissioner's discretion, order a change in such remedial attention, care, or attendance.