520 So.2d 50 (1987)
Alfreda JACKSON, Appellant,
v.
PUBLIX SUPERMARKETS, INC., and Hartford Ins. Group, Appellees.
No. BQ-198.
District Court of Appeal of Florida, First District.
December 29, 1987.
On Motion for Rehearing Denied February 16, 1988.
Barry A. Pemsler, of Richard & Pemsler, Miami, for appellant.
Mark L. Zientz, of Williams & Zientz, Coral Gables, for appellees.
WENTWORTH, Judge.
Claimant seeks review of a workers' compensation order by which a claim for additional compensation, penalties and interest, and medical benefits, was denied. Employer/carrier concede that penalties and interest should have been awarded for the late payment of compensation. We find that the deputy applied an improper standard to the claim for chiropractic treatment, and that the record does not support the deputy's determination that claimant sustained no permanent impairment. We therefore reverse these aspects of the order appealed.
Claimant experienced industrial accidents on two successive days while working in employer's meat department. These accidents involved falls which produced injuries to claimant's shoulder, hip, and back. She received medical treatment and remained out of work for six weeks, after which she attempted to resume her former employment. Claimant testified that she was unable to satisfactorily perform her former job duties and since no lighter work was available the employment was terminated with claimant receiving a substantial lump sum retirement payment.
After a period of unemployment claimant obtained a job from which she was discharged after four weeks, and then after *51 another period of unemployment she obtained a job with part-time hours. Claimant's testimony establishes only a minimal work search effort throughout this time. The deputy found that claimant did not make a good faith effort to obtain employment during the months for which the claim was filed, and the record provides adequate support for this factual determination. The claim for additional compensation was thus properly denied since claimant did not establish by an adequate job search or other evidence that her diminution in earnings was causally related to the industrial injury.
The record does not support the deputy's further determination that claimant sustained no permanent impairment. Although the treating orthopedic physician stated that he found "no objective evidence ... of any permanent injuries" (e.s.), the doctor recommended that claimant be retrained for lighter work and advised that she should avoid heavy lifting and the cold environment of her former employment. The imposition of these medical restrictions, which were, in context, attributable to the industrial injury and not temporary in nature, is inconsistent with the absence of any permanent impairment and negates the deputy's conclusion in this regard.[1]
After claimant attained maximum medical improvement she requested alternative medical care, thereafter specifying that she desired chiropractic treatment. Although other medical care was authorized claimant was not provided with a chiropractor as requested and she obtained such treatment on her own, submitting the bills for payment. The deputy commissioner denied the claim for payment of these bills because claimant commenced the chiropractic treatment while under the active care of an authorized physician. However, in the circumstances of this case employer/carrier were obligated to either provide chiropractic authorization or obtain a ruling from the deputy that such alternative care was not in claimant's best interest. See Bradley Construction v. White, 457 So.2d 547 (Fla. 1st DCA 1984); Sears, Roebuck & Co. v. Viera, 440 So.2d 49 (Fla. 1st DCA 1983). Employer/carrier's failure to comply with this obligation would render them responsible pursuant to section 440.13(2), Florida Statutes, for the unauthorized chiropractic treatment if it is determined to be reasonable and necessary. White, supra; Viera, supra. The deputy should therefore consider whether chiropractic treatment was reasonable and necessary palliative care for claimant's compensable condition.
The finding of no permanent impairment, the denial of the chiropractic claim, and the denial of penalties and interest are reversed. The order appealed is otherwise affirmed and the cause is remanded for further consistent proceedings.
NIMMONS and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING DENIED
Claimant's motion for rehearing/clarification expresses concern that the opinion in this case will preclude any wage loss award based on deemed earnings for the accrued periods in question. Section 440.15(3)(b)2, Florida Statutes. That is the effect of the decision, permitting a new determination of the permanent impairment issue as a predicate for any future claim but affirming the deputy's denial of benefits on the alternative finding that causal relation between injury and wage loss was not established. The latter finding was affirmed based on absence of adequate work search or other compelling evidence (in addition to a restriction against claimant's return to her former work) that claimant was medically limited to employment at a diminished wage.
Rehearing is therefore denied.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Claimant is thus not precluded from attempting to establish the existence of a permanent impairment at such time as any further claim may mature.