SHIVERS, Judge.
The claimant in this workers’ compensation case suffered a compensable back injury and now appeals an order denying his claim for payment of Dr. Horowitz’s past and future chiropractic bills, and wage loss benefits from September 7, 1987 continuing. We reverse the denial of payment of chiropractic bills payable before October 9, 1987 and remand for findings on the amount the employer/carrier (E/C), owes and for a reconsideration of claimant’s entitlement to attorney’s fees. We affirm the remainder of the order.
Claimant had authorization to see Dr. Yates whom he saw on three occasions, June 16, July 1, and July 27, 1987. Dr. Yates testified that claimant reached maximum medical improvement July 27, 1987, that he never found any sign of neurological problems, and that claimant had no permanent impairment under the AMA Guides. He returned claimant to normal duty. Dr. Yates’s testimony was competent, substantial evidence upon which the deputy commissioner (DC) appropriately based his no permanent impairment finding.
The E/C’s claims adjustor acknowledged receiving a June 22, 1987 claim for benefits which requested chiropractic care from Dr. Horowitz. This claim sufficed to apprise the E/C of claimant’s desire for chiropractic care. Section 440.13(2)(b), Fla.Stat. (1987). Dr. Horowitz’s treatment began June 24, 1987.
By letter August 14, 1987 the adjustor wrote claimant’s attorney indicating that she was having trouble getting medical information from Dr. Horowitz and that she only had an initial report from him dated June 26, 1987. This letter did not indicate whether payment for Dr. Horowitz’s services was forthcoming or whether the E/C considered him authorized or unauthorized. The adjustor received a report from Dr. Horowitz dated September 9, 1987 and responded September 22,1987 asking for further details on the restrictions mentioned in his report and asking when he anticipated claimant’s release to return to work. This response also did not state that Dr. Horowitz was authorized or unauthorized. The earliest clear indication that the E/C considered Dr. Horowitz unauthorized came in the E/C’s letter October 9, 1987 to claimant’s attorney wherein the adjustor wrote that “I find no indication that Dr. Horowitz was ever authorized.”
Once a claimant specifies to an E/C that chiropractic treatment is desired, it must be provided or the E/C must obtain a ruling that such care was not in the claimant’s best interest. Teimer v. Pixie Playmates, 532 So.2d 37 (Fla. 1st DCA 1988). Here the E/C did not undertake to obtain a ruling that chiropractic care was not in the claimant’s best interest until the hearing below. In Teimer the DC’s determination did not include a finding that chiropractic treatment was either “medically or reasonably necessary” pursuant to sec *1056 tion 440.13(2)(b) and Jackson v. Publix Supermarkets, Inc., 520 So.2d 50 (Fla. 1st DCA 1987). Id. at 40. We remanded “for a specific factual finding by the deputy regarding whether ‘chiropractic treatment in general was reasonable and necessary palliative care for claimant’s compensable condition.’ ” Id. at 41. (Quoting Jackson at 51.) In this case the DC’s findings are before us. The DC determined that Dr. Horowitz’s treatments were not causally related to the compensable accident. We find that Dr. Yates’s testimony is competent, substantial evidence supporting the DC’s conclusion in this regard. It follows then that normally the E/C would be absolved of responsibility for Dr. Horowitz’s care. However, while validating the DC’s conclusion generally, we find that the E/C’s failure to indicate to claimant before October 9, 1987 that it considered there to be an authorization problem with Dr. Horowitz, estopped it to deny payment of Dr. Horowitz’s bills incurred up to that date, notwithstanding their necessity, reasonableness, or causal relationship to the com-pensable accident, because its actions prior to that time amount to tacit authorization of the doctor’s treatments.
REVERSED and REMANDED.
SMITH, C.J., and WIGGINTON, J., concur.