WENTWORTH, Judge.
Claimant appeals, and employer/carrier cross-appeal, a workers’ compensation order by which a claim for attendant care services and medical care was granted in part and denied in part. We affirm as to the issues raised by appellant, finding no error in the computation of hours awarda-ble, in the exclusion of a medical report absent authentication, in the conclusion of waiver of the claim for services rendered before the prior merits hearing, or in the determination that an unauthorized out-of-state (Timberlawn) hospitalization in 1989 was not an emergency (contrary to the description as such by the referring physician), although accomplished with the approval of the authorized treating physician.
The cross-appeal presents issues on the applicability of section 440.13(2)(e)(l), Florida Statutes, as amended October 1, 1988, as to which remand appears necessary, and as to alleged error in the provision of the order, following the award (not appealed) of detoxification and psychiatric treatment in claimant’s state of residence, Tennessee, as follows:
... The carrier will have the medical bills and treatment at Timberlawn evaluated at Vanderbilt for submission to this Court for review for determination of the payment of the Timberlawn bills.[1]
[[Image here]]
... [T]he carrier had taken the position up through the hearing that this medical care was not related to the accident and ... the medical care would have been denied even if a request would have been made in advance of the transfer. This does not absolve the claimant’s responsibility of showing that there were no comparable facilities or treatment available in the State of Tennessee_ I therefore find that the carrier must have the treatment rendered at Timberlawn evaluated by the VITA staff and that the evaluation of that treatment by the VITA staff should be submitted into evidence in the form of deposition for later consideration....
... [T]his claimant is in need for detox treatment and/or psychiatric or psycho *1298 logical professional services and ... same is related to industrial accident....
The cross-appellant employer/carrier asserts first that the carrier’s notice to controvert does not per se excuse the claimant’s failure to obtain authorization, citing Walt Disney World Co. v. Schiebel, 397 So.2d 1004 (Fla. 1st DCA 1981),[2] and Hoods Dairy v. Severino, 178 So.2d 588 (Fla.1965).[3] Such decisions, however, have no clear relevance to the determination of futility by the judge herein, i.e., the finding, upon all the evidence as to carrier’s position preceding and following the treatment in question, that a request for authorization was rendered useless because it would have been denied in any event. Although employer/carrier asserts a lack of evidence for that conclusion, it is supported by the listed defenses on the pretrial stipulation, by evidence submitted at the hearing, and by the procedural history of the case following a 1987 adjudication of permanent total disability. The countering contention is simply that any inference of failure to provide alternate care “would clearly not be supported ... on the grounds that the carrier was not even afforded an opportunity to provide such,” which again does not squarely meet the factual finding in this case that such an opportunity would have availed nothing.
Further reliance is placed upon Commercial Carriers, Inc. v. Porter, 424 So.2d 155 (Fla. 1st DCA 1982), but in that case this court expressly found no record evidence of a failure to offer care for the condition in question. The controversy instead involved a treating physician’s advice against the unauthorized surgery, in contrast with the situation here presented. The neglect to offer dependency treatment in the present case appears to be verified in part by employer/carrier’s specific reliance (alternative to the authorization defense) on absence of medical need for the Timber-lawn detoxification treatment, and assertion by pretrial stipulation that this claim “is not related to the industrial accident,” defenses which are abandoned in this appeal. We note also that the record contains a 1986 psychiatric evaluation report noting claimant’s chemical dependency, chronic pain syndrome, and other psychiatric problems in part antedating the compen-sable injury. The report indicated that treatment for the dependency was essential at that time. The order before us, however, does not determine, nor do we, that this report alone suffices to require the furnishing of such treatment in 1989 absent request for same.
While denying liability for the actual cost of out-of-state hospitalization for such treatment, the order before us requires submission of comparative cost evaluation evidence for further consideration. We do not, therefore, consider the level of recoupment, if any, finding only that the order does not reflect any patent abuse of discretion by the judge. Contrary to the contention here that the potential for any award whatever “completely eviscerates section 440.13,” we conclude that the essential mandates of section 440.13(2)(b), Florida Statutes, and the decisions to which we are referred, are met by the order on this point.
Decisions such as Commercial Carriers, supra, and United Tapes v. Deall, 378 So.2d 99 (Fla. 1st DCA 1979), represent salutary applications of the established rule in the case of out-of-state treatment that such must be required “because equal treatment is unavailable in Florida,” Deall, p. 99, citing Keifer v. Cajun Diner, 2 FCR *1299 258 (1957).[4] That principle has been fully respected by the order before us.
With respect to the second point on cross-appeal, the applicability of section 440.13(2)(e), Florida Statutes (1988), the order correctly finds “that this amendment ... is not retroactive and is applicable only for services rendered after October 1, 1988.” Williams v. Amax Chemical Corp., 543 So.2d 277 (Fla. 1st DCA 1989); Mr. C.'s TV Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990). However, the pre-amendment market rate computation was then applied to the total 260.282 hours of attendant care in question, some part of which appear to have been rendered after the effective date of the amendment. We therefore reverse in part on this point and remand for clarification or correction.
The order is otherwise affirmed.
JOANOS, J., concurs.
ALLEN, J., concurs in part & dissents in part w/written opinion.

. Although there is plainly a question as to the finality of this provision of the order required for appeal, we treat the issue in connection with review of the otherwise final order because of the contention here that the provision renders the order internally inconsistent in light of the determination (which we affirm) that no emergency required the treatment.

. The carrier's right, as held in Schiebel, to receive medical reports after notice to controvert may reasonably serve a monitoring function over a period of time, a need not served by a request for treatment which the order finds would have been denied in the present case.

. The court in Hoods Dairy specifically found an absence of evidence that responsibility for medical care had been denied at the time claimant unilaterally obtained nonemergency surgery at Mayo Clinic, after voluntarily obtaining postponement of a prior scheduled hearing on the claim.

. Keifer was decided on authority of Florida Cartage Co. v. Tyler, 90 So.2d 291 (Fla.1956), where the supreme court quoted with approval the order as follows:
... [T]he question is not only whether equal medical facilities are available locally, but whether local treatment will be as beneficial to the claimant, giving due consideration to all aspects of the matter.
Those aspects there included:
... testimony stating that a patient responds better under treatment of doctors in whom he has faith and confidence.... that the mental status of the patient is so important to recovery that a physician prefers to have his patient in an affirmative frame of mind when he goes into surgery; and that a 'negative mental attitude on the part of the patient would have a detrimental influence.
Tyler, supra, at 292.