445 So.2d 387 (1984)
E.T. USHER and Professional Administrators, Inc., Appellants,
v.
Larry J. COTHRON, Appellee.
No. AT-241.
District Court of Appeal of Florida, First District.
February 13, 1984.
Charles Vocelle of Brannon, Brown, Norris, Vocelle, Haley, Brown & Robinson, Lake City, for appellants.
Patrick H. Perry of William N. Avera, P.A., Gainesville, for appellee.
THOMPSON, Judge.
This is an appeal from a compensation order authorizing medical treatment by the physician of claimant's choice and awarding *388 payment of the past medical bills of the physician chosen by claimant. The employer and carrier (E/C) contend that the deputy commissioner (deputy) erred because the factual findings which form the basis of the order are unsupported by competent substantial evidence. We agree and reverse.
The claimant was injured in a compensable traffic accident which occurred on January 4, 1983. Authorized medical treatment, including brief hospitalization and the fitting of a back brace, was furnished at Shands Teaching Hospital in Gainesville (Shands). Claimant became dissatisfied with the authorized treatment being afforded at Shands and, on February 16, 1983, his attorney telephoned the E/C to request authorization of Dr. Jones, a physician recommended by claimant's attorney. On the same date the E/C declined the request for authorization of Dr. Jones, but reaffirmed their authorization of the Shands physicians and offered additional alternative care by two private physicians. On February 18, 1983, the claimant, without having attempted to obtain an appointment with either of the authorized alternative physicians, proceeded to obtain treatment from Dr. Jones.
In the order on appeal, the deputy found, inter alia:
6. That, in an effort to obtain relief from his pain ... the Claimant made an appointment with Dr. Harry Jones ... who upon obtaining a history from and examining the Claimant, changed the Claimant's back-brace and method of treatment.
7. That the Claimant, upon experiencing considerable relief from the change in treatment and an increasing ability to function, requested the consent of the Employer/Carrier to change his primary treating physician ... to Dr. Harry Jones.
8. That the Employer/Carrier refused the requested change of physician, and instead added [the two private physicians] to the list of approved physicians.
9. That the Claimant, having experienced a significant decrease in his pain and discomfort and an increase in his functional ability as a result of the treatment of Dr. Harry Jones, was justified in refusing the treatment of any of the listed physicians.
The quoted finding that the E/C did not offer alternative care until after the claimant received treatment from Dr. Jones is not supported by any competent substantial evidence. On the contrary, the record affirmatively shows claimant first received treatment from Dr. Jones two days after the E/C offered alternative care and that the claimant made no effort to see either of the authorized alternative physicians.
Except in an emergency, a claimant who has been offered alternative medical care is not entitled to unilaterally obtain treatment from an unauthorized physician of his choice and then obtain reimbursement from the E/C. City of Fort Lauderdale v. Flanders, 416 So.2d 1234 (Fla. 1st DCA 1982); § 440.13, Fla. Stat. Here, the deputy did not find, and the record includes no evidence which could have supported a finding, that claimant sought the care of Dr. Jones on an emergency basis. Because alternative medical care was authorized, and because no emergency existed, it was the obligation of the claimant to request a hearing and secure a ruling by the deputy authorizing Dr. Jones before obtaining treatment from him. Because the claimant failed to meet this obligation, the order on appeal is REVERSED.
SHIVERS and JOANOS, JJ., concur.