464 So.2d 217 (1985)
WACKENHUT CORPORATION AND Home Insurance Company, Appellants,
v.
Victor Max FREILICH, Appellee.
No. AW-121.
District Court of Appeal of Florida, First District.
February 20, 1985.
Rehearings Denied March 20, 1985.
*218 Barry A. Pemsler of Richard & Pemsler, Miami, for appellants.
Jerold Feuer, Miami, for appellee.
BARFIELD, Judge.
The employer/carrier appeal the final order of the deputy commissioner alleging several grounds for reversal, some of which we find to be without merit but others, with which we agree, are discussed below. The order is affirmed in all other respects.
As a result of his industrial accident, claimant requested psychiatric examination by Dr. Stillman. The carrier responded by refusing to authorize Dr. Stillman but offered two other psychiatrists. Claimant, finding those two unacceptable, began consulting Dr. Stillman. This physician suspected that claimant was suffering from brain damage and sought confirmation by neuropsychological testing. As before, the carrier refused to authorize claimant's preference, Dr. Crown, but authorized Dr. Morris. Claimant was tested by Dr. Crown nevertheless. The deputy commissioner authorized payment of the medical bills of Dr. Crown and Dr. Stillman incurred prior to a hearing. This was error and is reversed. Usher v. Cothron, 445 So.2d 387 (Fla. 1st DCA 1984), makes it clear that when the parties cannot agree to a treating physician in a non-emergency situation, it is the burden of the claimant to seek a decision through the deputy or risk paying the bill. Since the claimant failed to ask for resolution of the deadlocks, he is responsible for the charges of Drs. Stillman and Crown prior to the hearing. We find competent and substantial evidence in the record to support the deputy's authorization of continuing treatment of claimant by Dr. Stillman, however, and we affirm that portion of the order.
The deputy commissioner erroneously calculated average weekly wage of the claimant by including the value of insurance benefits and by concluding that there was a similar employee of the employer. Claimant's right to the insurance benefits had not vested, and their value could not properly be included in the calculation. City of Tampa v. Bartley, 413 So.2d 1280 (Fla. 1st DCA 1982). At deposition, prior to the hearing, the employer denied the existence of a similar employee. At the time of that deposition, the employer produced certain payroll computer printouts that included claimant's records, as well as many other employees, including one named Capasso. It is clear from the record that the computer printout was produced only to provide data on the claimant. The deputy commissioner's selection of Mr. Capasso as a similar employee is without any support whatsoever in the record. The use of Mr. Capasso's earnings by the deputy commissioner apparently came as a surprise to all concerned. When, at deposition, the employer denied the existence of a similar employee, it became incumbent upon claimant to press the matter, either through further discovery or a motion to compel. Cf. Florida Statutes section 440.30, .33 (1981); Fla.W.C.R.P. 9, 15; John Gaul Construction Co. v. Harbin, 247 So.2d 33 (Fla. 1971). Absent evidence of a similar employee's earnings, the deputy should have calculated the average weekly wage pursuant to section 440.14(1)(d). The determination of average weekly wage is *219 reversed and remanded to the deputy commissioner for further proceedings to determine the correct average weekly wage.
The deputy commissioner erred in awarding attorney fees to the claimant. The employer/carrier clearly agreed that the injury was compensable and were paying temporary total disability benefits, although they denied that claimant suffered brain damage or that he had reached maximum medical improvement. Under those circumstances, claimant's counsel is not entitled to an award of fees. See Pantry Pride v. Carter, 413 So.2d 865 (Fla. 1st DCA 1982). The award of attorney fees to claimant is reversed.
The final order is AFFIRMED IN PART, REVERSED IN PART, and REMANDED to the deputy commissioner for further proceedings consistent with this opinion.
MILLS and JOANOS, JJ., concur.