481 So.2d 532 (1986)
CHAMPLAIN TOWERS and Old Republic Insurance Co., Appellants,
v.
Earl DUDLEY and the Division of Workers' Compensation, Appellees.
Nos. BD-426, BG-13.
District Court of Appeal of Florida, First District.
January 3, 1986.
Rehearing Denied February 6, 1986.
Robert H. Gregory, Miami, for appellants.
Jerold Feuer, Miami, for appellees.
WENTWORTH, Judge.
In two cases consolidated for appeal the employer/carrier seeks review of workers' *533 compensation orders of November 5, 1984, and March 8, 1985. Error is asserted in the award of (1) permanent total disability benefits from maximum medical improvement on December 8, 1983; (2) past and future medical treatment "as the nature of Claimant's conditions and the process of their recovery[1] and/or palliation require;" and (3) attorney's fees, based on benefits for a 26.4 year life expectancy. We affirm on all issues except as to cost of past unauthorized medical care, and as to error in the computation of claimant's life expectancy at 26.4 instead of 20.5 years.
In awarding the cost of care by Dr. Stillman, psychiatrist, and Dr. Crown, psychologist, the deputy found "a request was made for medical treatment ... and authorization was offered ... in the form of three doctors ... There was an objection raised ... and no subsequent authorization was made." He relied upon the following provisions of § 440.13, Florida Statutes:
(3) If an injured employee objects to the medical attendance furnished by the employer pursuant to subsection (2), it shall be the duty of the employer to select another physician... .
(2) ... (b) If the employer fails to provide such .. . after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a deputy... . The employee shall not be entitled to recover ... unless he has requested the employer to furnish the same and the employer has failed ... to do so... .
Appellant counters with recent decisions that "when the parties cannot agree to a [non-emergency] treating physician ... it is the burden of the claimant to seek a decision through the deputy. Since the claimant failed to ask for resolution of the deadlocks, he is responsible... ." Wackenhut Corp. v. Freilich, 464 So.2d 217, at 218 (Fla. 1st DCA 1985); Usher v. Cothron, 445 So.2d 387 (Fla. 1st DCA 1984). Assuming each party properly complied with all statutory duties, these decisions appear to be proper implementations of the statute, even when we consider its further provision that "[i]t is unlawful ... to coerce or attempt to coerce a sick or injured employee in the selection of a physician... ." § 440.13(3), Florida Statutes. The difficulty lies in assessing the particular facts to determine whether an alleged "deadlock" has resulted from a failure by either claimant or carrier to meet prescribed statutory conditions.
Although we agree with the deputy's statement in the order in this case that the statute (first above quoted) "requires the tender of alternative care after the objection is made," we do not agree that the actual scenario of events between the parties here was that of a request, authorization, and objection which would trigger a renewed duty to tender alternative authorized care. Instead, claimant's counsel wrote: "Request is hereby made for a board certified psychiatrist, namely, Dr. Arthur T. Stillman ... . Request is also made for neuropsychological testing and specific request is made for ... Crown ... or ... Berntson... ." His response to authorization of others was, "We object to the physicians named" for treatment. In the context of this case we find that the specific requests for authorization cannot reasonably be regarded as a continuing request intended to accord the carrier its right of initial choice, subject only to a veto to be exercised by claimant in a way which does not effectively transfer initial choice to claimant. Although the statute imposes no requirement that claimant state grounds for objection, it clearly does impose the duty of a continuing good faith request for another authorization, to which carrier must in turn respond with reasonable alternatives until a "deadlock" requires the deputy's intervention. Communications and actions of the parties in this case (as in Wackenhut, supra) show claimant's abiding intention to accept only his originally *534 specified choice of caretakers. To effectuate that result at carrier's cost absent emergency does, under our cases, require an antecedent order by the deputy when claimant's choice has not in fact been necessitated by carrier's omission.
We agree also with the carrier's stated position as to neuropsychological testing in the circumstances of this case, i.e., that such a reference was properly left to claimant's authorized psychiatrist, however authorization might be accomplished, based on a determination of what collateral testing was deemed advisable. As to future care by both practitioners, however, the deputy's award is adequately undergirded by the evidence, and their testimony remains competent in support of the disabilities determined by the deputy.
On the question of attorney's fees we find Wackenhut to be distinguishable on the basis of statutory and case law referenced in Farm Stores v. Harvey, 474 So.2d 4 (Fla. 1st DCA 1985). In Wackenhut the opinion reflects that employer/carrier denied that claimant suffered brain damage, i.e., denied the claimed scope and diagnosis for certain conditions, but did not deny compensability of a psychiatric injury. In contrast the employer/carrier in this case expressly submits that "they denied that claimant suffered a psychiatric injury ... [and] denied that the psychiatric condition was causally related." (e.s.) Their brief also states "[b]oth Pre-Trial Stipulations clearly show that the employer/carrier ... denied claimant's need for psychiatric care ..." as a result of his compensable accident. In those circumstances the rationale of Great Dane Trailers v. Flis, 435 So.2d 931 (Fla. 1st DCA 1983), permits an award under the provision of § 440.34, Florida Statutes, for a fee when employer/carrier denies compensability of one of several distinct injuries, as opposed to denying a claimed benefit on other grounds.
We conclude, however, that remand is required for resolution of alleged error in the deputy's rejection of the carrier's effort to correct an erroneous life expectancy for claimant used in the various computations on which the awards are based. The deputy found that the carrier's objection was not timely because it was first asserted during a "post-hearing" deposition, submitted prior to the deputy's March 8, 1985, order, and was thereafter presented by a motion for reconsideration which appears to have been mooted for lack of a ruling before notice of appeal was filed. The March order finds that the error could not be corrected (1) because carrier did not raise the issue at the time of entry of the 1984 merits order, which found "[c]laimant ... has a normal life expectancy which, according to the tables mandated for use by Section 440.20, Florida Statutes, is 26.4 years;" (2) because that order was already on appeal when the fee order was entered; and (3) because no objection was made until after claimant's counsel had submitted his evidence in the fee hearing in reliance on the finding. We do not think that either jurisdictional or estoppel principles precluded the deputy's consideration of the issue, because the "finding" in the 1984 order had no actual effect on the decretal portion of the order then on appeal, which related solely to disability compensation and future (periodic but not aggregate) medical benefits. That finding, however, was integral to the issues decided by the deputy in entering the order on fees. The objection before the entry of the order, as well as by motion thereafter, was sufficient to require resolution of its merits by the deputy.
We therefore reverse the order of March 8, 1985, insofar as necessary to permit recomputation of the life expectancy and resulting benefits upon the existing record or such additional evidence as may be required for that purpose. We also reverse that part of the order of November 5, 1984, awarding costs of past care by Drs. Stillman and Crown. The orders are otherwise affirmed.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] The words are precisely those of the statutory prescription, § 440.13, Florida Statutes. Although the initial period of recovery is, of course, ended at maximum medical improvement, the alternative use of the term plainly does not enlarge carrier's duty.