487 So.2d 388 (1986)
Wisdom ELLERBEE, Appellant,
v.
CONCORDE ROOFING CO. and Fidelity & Casualty Company of New York C/O Underwriters Adjusting Co., Appellees.
No. BG-135.
District Court of Appeal of Florida, First District.
April 23, 1986.
Michael S. Bendell, of David L. Kahn, P.A., Ft. Lauderdale, for appellant.
Charles A. Williams, of Williams & Williams, Lake Worth, for appellees.
ZEHMER, Judge.
Claimant appeals an order of the deputy commissioner denying his claim for penalties and interest on late payment of compensation benefits and medical bills, and denying his claim for evaluation and, if necessary, treatment by a new physician.
We reverse the deputy's denial of a new authorized physician to examine and, if necessary, treat claimant. The denial was based, in part, upon the deputy's explicit finding that claimant's authorized physicians "maintain excellent reputations in the community." There was no evidence in the record to support this finding. The deputy further supported his conclusion by finding that "based upon my observations of Claimant and a review of the medical reports and evidence, I find that it is not in the best interests of Claimant to change *389 physicians, and I find that it is in the best interests of Claimant to remain under the care and treatment of Dr. Sharfin." There is no indication of what the deputy observed that led to this conclusion, and we do not find any evidence in the record, either in the testimony of claimant or in the medical records, to support these specific findings or show that it was in claimant's best interest to remain under the exclusive care of Dr. Sharfin. On the contrary, the record reveals that Dr. Sharfin recommended that claimant secure a second opinion.
We do not accept the employer and carrier's argument that because there are three doctors in the May Orthopedic Group authorized to treat claimant he is not entitled to have another authorized physician appointed but must, instead, go to one of the three members of that group for a second opinion. Section 440.13(3), Florida Statutes (1983) states:
If an injured employee objects to the medical attendance furnished by the employer ... it shall be the duty of the employer to select another physician to treat the injured employee unless a deputy commissioner determines that a change in medical attendance is not for the best interests of the injured employee.
(Emphasis added). The employer and carrier has the burden of showing that a change of medical attendance is not in the best interest of the claimant. Cal Kovens Construction v. Lott, 473 So.2d 249 (Fla. 1st DCA 1985); Sears, Roebuck & Co. v. Viera, 440 So.2d 49 (Fla. 1st DCA 1983). The record contains no evidence of the qualifications of the other doctors in the May Orthopedic Group or the nature of their professional or legal relationship to each other; hence, the record does not support a finding that the requested change in medical attendance can be satisfied by merely directing claimant to see another doctor in this same orthopedic group. Because the employer and carrier has not met its burden under section 440.13, claimant is entitled to an evaluation and treatment, if necessary, by a new authorized physician.
The deputy did not abuse his discretion in denying penalties and interest to claimant and we affirm this ruling. Crowell v. South Broward Hospital District, 378 So.2d 801 (Fla. 1st DCA 1980); Paver Development Corp. v. McDevitt, 419 So.2d 1156 (Fla. 1st DCA 1982).
AFFIRMED in part, REVERSED in part, and REMANDED.
NIMMONS and BARFIELD, JJ., concur.