489 So.2d 118 (1986)
Thelma HILL, Appellant,
v.
BEVERLY ENTERPRISES, D/B/a Tampa Health Care Center, and Travelers Insurance Company, Appellee.
No. BI-256.
District Court of Appeal of Florida, First District.
May 16, 1986.
Rehearing Denied June 23, 1986.
*119 Ellen H. Lorenzen, of Morris & Rosen, Tampa, for appellant.
Donna L. Kerfoot, of Whalen & Morlan, Tampa, for appellees.
NIMMONS, Judge.
This worker's compensation appeal arises from an order of the deputy commissioner granting temporary total disability benefits to appellant but denying payment of unauthorized medical care. We reverse that portion of the order denying payment for unauthorized care.
Appellant is a forty-seven year old woman with a ninth grade education. On January 18, 1985, the date of the accident, appellant was working in the dietary department of appellee Tampa Health Care Center, a health care facility. She was carrying a large pot of coffee to another floor. She stepped off the elevator into a puddle on the floor, slipped, fell and injured her back.
Theresa Davis, appellant's supervisor, sent her to Dr. Perez, a physician employed by the Center. The doctor examined her and told her to take aspirin and return Monday if she did not feel better. That same afternoon, appellant called Theresa Davis and said she was not satisfied with Dr. Perez and would prefer to see another doctor, namely her own. Appellant was told that she had to see Dr. Perez if she expected her bills to be paid and that no other doctor would be authorized. Davis did not inform the carrier that appellant *120 was dissatisfied with the authorized physician.
On Monday morning, appellant came to see Dr. Perez again and, upon finding no one in the office, left. She went to her family physician, Dr. Cordosa. After several weeks of treatment, he was unable to relieve her symptoms and referred her to Dr. Bajo, an orthopedic surgeon, who admitted her to the hospital for evaluation and treatment.
At some point, both doctors called Theresa Davis or Dr. Perez to seek authorization of their treatment and were denied it. After her discharge from the hospital, she was released to return to work. However, she found that she had been terminated because she had not filled out all the paper work required for a leave of absence during her hospitalization.
At the time of the hearing, Appellant was still under the care of Dr. Bajo. Reports from Dr. Bajo, Dr. Cordosa and Centro Asturiano Hospital were not filed with the carrier within the requisite ten day period.
A hearing was held on the matter at which the claimant sought temporary total disability benefits, wage-loss, past medical expenses, and future medical expenses. The deputy commissioner found that:
The evidence does not show that the claimant ever clearly made an objection to the treatment by Dr. Perez which would require the E/C to furnish an additional physician.
The deputy awarded temporary total disability from the time of the accident until appellant was released from the hospital, and he awarded a change in physician to Dr. Bajo. He denied payment of medical bills from Dr. Cordosa, Dr. Bajo, and Centro Asturiano Hospital. This appeal followed.
We take this opportunity to reiterate the obligations of both claimants and employer/carriers with respect to physician selection and changes in authorized physicians. Section 440.13(2)(a), Florida Statutes (1985) provides:
[T]he employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require ...
Further, Section 440.13(2)(b), purports to provide for the situation where the employer fails to provide treatment:
If the employer fails to provide such treatment, care, and attendance after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and necessity to be approved by a deputy commissioner... .
In that situation, the employee is required to request the care sought. If the employer/carrier fails or neglects to provide the treatment, the employee may seek the treatment without first obtaining an order from the deputy commissioner. The employee does so at the peril of having the deputy commissioner later rule that such treatment was not reasonable and necessary. See Fuchs Baking Company v. Szlosek, 466 So.2d 415 (Fla. 1st DCA 1985).
In the situation where the employee becomes dissatisfied with the authorized physician, Section 440.13(3) provides:
If an injured employee objects to the medical attendance furnished by the employer ... it shall be the duty of the employer to select another physician to treat the injured employee unless a deputy commissioner determines that a change in medical attendance is not for the best interests of the injured employee ...
When the injured employee expresses dissatisfaction with the authorized physician and requests another, the burden is on the employer/carrier to provide for another physician or obtain an order from the deputy commissioner finding that a change in physicians would not be in the best interests of the employee. Sears, Roebuck & Co. v. Viera, 440 So.2d 49 (Fla. 1st DCA 1983). To avoid the responsibility of providing for such alternative care, the employer/carrier has the burden of showing *121 that a change of physicians is not in the best interests of the employee. Ellerbee v. Concorde Roofing, 487 So.2d 388, (Fla. 1st DCA 1986). If the employer/carrier fails to provide alternative care or seek a ruling from the deputy commissioner, then the employee may obtain alternative care at the expense of the employer/carrier subject only to reasonableness and necessity. The employee may obtain a ruling on the reasonableness and necessity in advance or seek the alternative care and obtain such ruling afterwards.
The employee's right to maintain an already established authorized physician/patient relationship is treated the same as his right to receive alternative care. The employer shall not deauthorize a treating physician if the employee objects unless the employer has obtained a ruling from the deputy commissioner that such change is in the best interests of the employee. Cal Kovens Construction v. Lott, 473 So.2d 249 (Fla. 1st DCA 1985).
In the present case, the employer met its obligation to provide an initial physician. However, the undisputed testimony of both the appellant and her supervisor is that after visiting the authorized physician appellant called her supervisor, who, according to the evidence, was the employer's agent in charge of authorizing physicians, and expressed dissatisfaction with the physician and requested that she be allowed to see another physician, her own. She was told that no other would be provided and that she had to continue to see Dr. Perez.
The employer did not have this prerogative. While it was not bound to authorize the particular physician requested by appellant, the employer could not refuse to provide any alternative care.[1] In this case there is no competent, substantial evidence to support the deputy's finding that the appellant did not request alternative care. There was no basis for the deputy's finding that appellant's communication with the employer was an insufficient expression of her dissatisfaction with the authorized physician.
The employer/carrier raised another defense below, namely, the health care providers' failure to comply with Section 440.13(2)(b) by the untimely filing of their reports, on which issue the deputy made no finding. We find factual disputes as to the reasons for the untimely filings and the employer/carrier's actual knowledge of the services. Accordingly, as in Fuchs Baking Company v. Estate of Szlosek, supra, we remand to the deputy commissioner for consideration and ruling on this issue. See also Watson v. Freeman Decorating Co., 455 So.2d 1097 (Fla. 1st DCA 1984).
REVERSED and REMANDED.
ZEHMER, and BARFIELD, JJ., concur.
NOTES
[1] If the employer had offered alternative care, and the employee had objected to such alternative care, the burden would then have been on the employee to obtain an order from the deputy approving a different physician. The employee would have to have done this before obtaining unauthorized treatment. See Fuchs Baking Company, supra, 416 So.2d at 419.