489 So.2d 186 (1986)
Patricia Dell CRENSHAW, Appellant,
v.
FLORIDA FARM BUREAU and Florida Farm Bureau Casualty Insurance Company, Appellees.
No. BI-462.
District Court of Appeal of Florida, First District.
May 29, 1986.
Craig F. Hall of Hall and Hall, P.A., Gainesville, for appellant.
Jack A. Langdon, P.A., Gainesville, for appellees.
SMITH, Judge.
Patricia Dell Crenshaw (claimant), appeals an order of the deputy commissioner denying her claim for payment of certain medical bills incurred for chiropractic treatment from two chiropractors deauthorized by Florida Farm Bureau and Florida Farm Bureau Casualty Insurance Company. Claimant contends that the E/C did not follow the proper statutory procedure mandated by section 440.13(2)(a), Florida Statutes (1983), when it deauthorized claimant's treating chiropractic physicians. We affirm.
Claimant was injured in an industrial accident on January 22, 1982, which was accepted by the E/C as compensable. At claimant's request, the E/C subsequently authorized two chiropractic physicians, Drs. Stephen Dia and Michael A. Faas, to provide chiropractic treatment, consisting of joint and spinal manipulation, beginning in March 1983. Drs. Faas and Dia periodically referred claimant to physicians with different specialties, such as neurologists and orthopedic surgeons, for testing and evaluation.
On June 15, 1983, the E/C sent letters to claimant and claimant's attorney deauthorizing Drs. Dia and Faas. In their place, the E/C authorized claimant to receive treatment from Drs. Rottman, Erickson, Dryfess and Boyle, all of whom had examined claimant periodically at the request of Drs. Dia and Faas. None of the alternatively authorized physicians provided chiropractic treatment. Although Drs. Dia and Faas acknowledged receiving the E/C's letter deauthorizing them, they continued to treat claimant through September 1983. For her part, claimant at no time communicated her lack of consent to the deauthorization, nor did she suggest that the matter be brought for hearing before the deputy commissioner.
After Drs. Dia and Faas were deauthorized, claimant was examined at the request *187 of the E/C by a number of physicians, neurologists and orthopedists, including two physicians to whom claimant had been referred by Drs. Dia and Faas. All of these physicians found that claimant's subjective complaints of continuing pain were greater than was suggested by her objective clinical signs. All indicated that claimant exhibited serious "emotional overlays" in reacting to her objective symptoms, and that further treatment would be relatively ineffective until claimant's emotional problems were addressed. Accordingly, the E/C provided claimant with treatment from Dr. Charles Williams, a psychologist, and physical therapy at Alachua General Hospital in Gainesville. Claimant later reported that she had developed the ability to control her residual pain using techniques learned from the latter-mentioned health care providers.
On February 19, 1985, claimant filed a claim for benefits seeking payment of medical bills incurred through her treatment by Drs. Dia and Faas subsequent to the E/C's deauthorization letter, from June 24 through September 26, 1983.[1] The deputy commissioner denied claimant's request, finding that both claimant and her attorney had been advised on June 15, 1983, that treatment by Drs. Dia and Faas had been deauthorized by the E/C, and that the claimant had at all times been provided with adequate alternative medical care. It is from this order that claimant appeals.
Claimant argues that once a workers' compensation claimant establishes a satisfactory patient-doctor relationship with an authorized treating physician, as with Drs. Dia and Faas, the E/C may not subsequently unilaterally deauthorize the physician or physicians without first obtaining an order from a deputy commissioner sanctioning the deauthorization, citing the statute, section 440.13(2)(a), and Cal Kovens Construction v. Lott, 473 So.2d 249 (Fla. 1st DCA 1985). Furthermore, claimant asserts, the E/C seeking to deauthorize a previously authorized treating physician must offer equivalent alternative care, citing Universal Corp. v. Lawson, 447 So.2d 293 (Fla. 1st DCA 1984). On the latter point, claimant notes that while the E/C provided alternative medical care, this care was not equivalent to the treatment claimant had previously received, since the E/C did not authorize alternative chiropractic care. Although we find both arguments by claimant to be correct where justified by the facts, they are without merit here.
We find that neither Cal Kovens or other decisions allow the claimant to accept without objection the alternative treatment provided contemporaneously with the deauthorization of specific medical care, and then nearly two years after deauthorization claim the medical expense of her continued non-emergency treatment by the deauthorized doctors. As carefully pointed out by the court in Cal Kovens, the burden is on the carrier seeking to change the status quo, "when the claimant disputes the change" (emphasis supplied), to secure an order from the deputy, or incur the risk of a ruling against good cause for the change under section 440.13. 473 So.2d at 253. The claimant here did not timely "dispute the change," but on the contrary by her silence and utilization of the alternative care and treatment, acquiesced. Claimant's mere continuation of the non-emergency chiropractic treatment, while also availing herself of the alternative care provided by the E/C, was insufficient to trigger the statutory duty on the part of the E/C to secure a ruling by the deputy under section 440.13(2)(a). The necessity for the claimant's objections concerning proferred medical treatment to be adequately manifested to the E/C is alluded to, although in a different context, in Champlain Towers v. Dudley, 481 So.2d 532 (Fla. 1st DCA 1986) (where E/C tendered names of three doctors in response to request for medical treatment, claimant who objected to the tendered doctors and requested instead *188 specifically named doctors, was under a duty of continuing good faith request for another authorization, "to which carrier must in turn respond with reasonable alternatives until a `deadlock' requires the deputy's intervention.") Id. at 533.
The order appealed from is AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] Claimant also sought to recover the cost of a thermogram ordered by Dr. Faas, which the deputy granted since this test was ordered and performed at a time when Dr. Faas was authorized.