SHIVERS, Judge.
Claimant Hazel Barrett appeals from the deputy commissioner’s order denying her request for reauthorization of her physician. Claimant raises two issues on appeal. The first is whether the deputy commissioner properly refused to reauthorize her treating physician. The second is whether the deputy commissioner erred in failing to award claimant attorney’s fees. We find that the deputy commissioner properly refused to reauthorize claimant’s treating physician. With respect to the second issue, we remand for determination of whether the employer/carrier had actually *1335 authorized Dr. Derbenwick to treat claimant.
Claimant was injured while working as a maid when she attempted to lift a jammed window. Immediately after her accident, an ambulance took claimant to the hospital where she was referred to Dr. Newfield who continued to treat her for two years thereafter.. On January 10, 1984, the employer/carrier wrote claimant a letter informing her that Newfield would no longer be her physician.
While claimant was still under Dr. New-field’s care, she was given an electromyelo-gram by Dr. Derbenwick. Claimant was happy with Dr. Derbenwick’s care and testified at a hearing before the deputy commissioner that she would be willing to obtain further treatment from him. After claimant received a letter from the employer/carrier deauthorizing Dr. Newfield as her physician, claimant’s employer was also apprised of the deauthorization. The employer/carrier then authorized four different physicians to provide alternative care to claimant. Neither the employer nor the carrier applied for a hearing before the deputy commissioner to obtain a change in medical care or to deauthorize Dr. New-field. The deputy commissioner held a hearing on March 10, 1986. The deputy commissioner found that “[a]t the time the workers’ compensation servicing agent de-authorized Dr. Aron P. Newfield, they did not comply with the statutory requirement, and secured the acquiescence of the employer, Grand Prix Motel, to the de-authori-zation of Dr. Aron P. Newfield.” The DC concluded:
1. That Dr. Aron P. Newfield was properly deauthorized in compliance with the statute, and with the acquiescence of the employer.
2. That the employer/servicing agent have authorized four appropriate physicians to continue remedial care and treatment of the claimant.
8. In light of the claimant’s testimony that she would have no objection to returning to Dr. Derbenwick for follow-up care and evaluation, and in light of the continuing authorization of Dr. Derben-wick by the servicing agent, I find it is appropriate that claimant return to Dr. Derbenwick for follow-up evaluation.
Claimant testified that at the time Dr. Newfield was deauthorized, she voiced no objection to either his deauthorization or to the new doctors tendered by the servicing agent. Claimant’s failure to dispute this change bars her request and also precludes the employer/carrier from any duty to secure a ruling by the deputy commissioner sanctioning deauthorization. Crenshaw v. Florida Farm Bureau, 489 So.2d 186 (Fla. 1st DCA 1986). Accordingly, the deputy commissioner did not err in denying claimant’s request for reauthorization of Dr. Newfield and her decision should be affirmed.
There are essentially two components to claimant’s contention that she is entitled to attorney’s fees. The first is that her attorney has successfully asserted a claim for medical benefits only and has obtained authorization of a treating physician not previously authorized. The second is that the employer/carrier acted in bad faith by deliberately and knowingly ignoring the rule set forth in Cal Koven’s Construction v. Lott, 473 So.2d 249 (Fla. 1st DCA 1985). As to claimant’s second contention, this court’s decision in Grenshaw v. Florida Farm Bureau, supra, demonstrates that the employer/carrier did not act inconsistently with respect to the Cal Koven’s decision when it deauthorized Dr. Newfield. As to the first contention, the deputy commissioner stated in her order that “[i]n light of the denial of the request authorization of Dr. Aron P. Newfield, I find there is no entitlement to an attorney’s fee for the claimant’s attorney, and the request for an attorney’s fee is hereby denied.” The deputy commissioner also stated:
In light of the claimant’s testimony that she would have no objection to returning to Dr. Derbenwick for follow-up care and evaluation, and in light of the continuing authorization of Dr. Derbenwick by the servicing agent, I find it is appropriate that the claimant return to Dr. Derben-wick for follow-up evaluation.
The foregoing statement suggests that the employer/carrier had already authorized Dr. Derbenwick to provide medical attention for claimant. Section 440.-34(3)(a), Florida Statutes (1985), pro *1336 vides that a claimant is entitled to attorney’s fees where he successfully asserts a claim for medical benefits only. However, we find no evidence in the record to indicate that the employer/carrier, prior to claimant’s hearing on the issue of Dr. New-field’s deauthorization, had actually authorized Dr. Derbenwick to provide care for claimant. It is true that the employer/carrier contended prior to the hearing that it had authorized Dr. Derbenwick to treat claimant. But beyond this assertion on the part of the employer/carrier, there is no evidence which is especially helpful in determining whether the employer/carrier had actually authorized Derbenwick to treat claimant. The record does disclose that Derbenwick had evaluated claimant on two occasions and had administered an electromyelogram on her. But there is nothing further in the record to suggest Derbenwick’s continued authorization by the employer/carrier for the treatment of claimant. Consequently, we remand to the deputy commissioner for a definite determination as to whether the employer/carrier authorized Derbenwick prior to claimant’s hearing for the treatment and care of claimant. Until such a determination is made, it is impossible to conclude whether or not claimant is entitled to attorney’s fees.
REMANDED.
ERVIN and ZEHMER, JJ., concur.