531 So.2d 350 (1988)
Douglas C. STUCKEY, Appellant,
v.
EAGLE PEST CONTROL CO., INC., and Old Republic Insurance Company, Appellees.
No. 87-918.
District Court of Appeal of Florida, First District.
August 10, 1988.
*351 Douglas H. Glicken, Orlando, for appellant.
Steven S. Eichenblatt of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellees.
BARFIELD, Judge.
Appellant seeks review of a deputy commissioner's order denying reimbursement for chiropractic bills, on the premise that the employer/carrier had properly deauthorized the chiropractor. We find the deputy's order insufficient in the finding that good cause was shown by the employer/carrier (e/c) in deauthorizing the chiropractor.
Following a compensable accident, appellant received authorized chiropractic treatment from Dr. Schwartz for an injury to his neck and upper back. After six months of such treatment, the e/c informed both appellant and the chiropractor that Dr. Schwartz would no longer be authorized to provide treatment. The e/c offered appellant alternate care from any one of three named chiropractors. Appellant continued to see Dr. Schwartz as he felt Dr. Schwartz was helping him and as he did not want another doctor. Within three weeks of the e/c's deauthorization, appellant filed a claim for continued authorization of Dr. Schwartz.
Appellant then sought to have the e/c pay the unpaid chiropractic bills and to have Dr. Schwartz authorized to provide continuing care. At the hearing, the e/c's claims adjustor testified Dr. Schwartz was deauthorized after six months of treatment, when appellant had reached MMI, and the doctor still continued to treat him. The e/c felt there was a need for a second opinion of whether the treatment was necessary and as to how long it should continue. In denying the claim for unpaid bills and for authorization of future treatment with Dr. Schwartz, the deputy found that appellant had been properly advised of the deauthorization and offered alternative care to which appellant did not object. The e/c was found to be entitled to deauthorize the chiropractor as they desired both a second opinion and a second treating physician.
Under section 440.13(2)(a), Florida Statutes (1985), "once the claimant and employer or carrier agree on a treating physician and a satisfactory physician-patient relationship is established, when a change in the authorized treating physician is requested by the employer or carrier and the claimant disputes the change, the employer or carrier, being the party seeking to change the status quo, should obtain an order from the DC or incur the risk of a ruling against good cause for the change." Cal Kovens Construction v. Lott, 473 So.2d 249, 253 (Fla. 1st DCA 1985). Thus, once an injured employee establishes a satisfactory physician-patient relationship with an authorized physician, the e/c may not deauthorize that physician without the employee's prior agreement or without approval of a deputy commissioner. Where the e/c attempts to deauthorize a physician without the employee's or deputy's prior approval, the e/c must then show good cause for such action. In this situation the focus should be on the question of why an authorized physician should no longer provide care, thereby severing an established physician-patient relationship.
We find that the two reasons given by the deputy as demonstrating good cause are insufficient as a matter of law to sanction such unilateral deauthorization. The desire for a second opinion and a desire to provide a second chiropractor are insufficient for they ignore the issue of why Dr. Schwartz should no longer render care or why Dr. Schwartz's care is inappropriate or unnecessary. The e/c made no effort to seek a second opinion before terminating authorized care by Dr. Schwartz and has shown no reason why such care should be *352 ended while a second opinion was sought. Without such reasons relating to terminating existing care, the deputy's order is incomplete.
The instant case is distinguishable from Crenshaw v. Florida Farm Bureau, 489 So.2d 186 (Fla. 1st DCA 1986), which was relied on by the deputy in her order. In that case, the claimant voiced no objection for two years after the e/c deauthorized a treating physician and instead availed herself of the alternative physicians provided by the e/c. In the instant case, the filing of the claim within three weeks of the notice of deauthorization demonstrated to the e/c that appellant disputed this change, triggering the e/c's duty to obtain a ruling from the deputy. Crenshaw, 489 So.2d at 187.
There may well be justifiable reasons to make such a change, supportable by this record. But that is a matter for the deputy's fact-finding responsibilities and not one for this Court to undertake. We therefore REVERSE and REMAND the case for further proceedings consistent with this opinion.
WENTWORTH and ZEHMER, JJ., concur.