WENTWORTH, Judge.
Claimant appeals a workers’ compensation order by which it was determined that she did not sustain injury by an accident in the course and scope of her employment, and her claim for compensation benefits was denied. In reaching this conclusion the judge expressly “overruled” a prior order determining that claimant did sustain a compensable “injury by accident.” We find that it was error to so modify the prior order without applying the necessary standards for modification under section 440.28, Florida Statutes, and we therefore reverse the order appealed.
Claimant’s injury was initially accepted as compensable, but a dispute arose as to the average weekly wage. The matter was presented to the judge and resolved in an order which awarded benefits and expressly found, on the compensability issue which was essential to his exercise of jurisdiction over the claim but not controverted by the parties, that claimant “sustained injury by accident....” This order became final without appeal. Employer/carrier subsequently took the position that claimant did not experience an “accident” as defined in chapter 440, Florida Statutes, and eventually filed a notice to controvert. The parties again appeared before the judge, and conflicting evidence was presented as to the circumstances of the claimed injury. The judge thereafter entered the challenged order, reciting that any prior inconsistent orders “are overruled and are null and void in regard to the issue of compensability.” Rejecting claimant’s testimony as to the manner of her injury, and noting that she had preexisting complaints, the judge found that claimant did not sustain injury by an accident in the course and scope of her employment, and accordingly denied the current claim for benefits.
While the record contains sufficient evidence (absent the above recited history) to support the determination that claimant did not experience an accident in the course and scope of employment, since this issue had been determined by the prior order the judge should not have purported to “overrule” that determination without proceeding by modification under section 440.28, Florida Statutes. Neither the order now on appeal, nor the parties’ arguments, identifies any acceptable basis upon which the judge could recede from the earlier determination without a statutory predicate for modification. As the challenged order likewise fails to indicate any consideration of the statutory grounds for modification upon “a change in condition or because of a mistake in a determination of fact” as required by section 440.28, we must reverse the order appealed. In remanding for the judge to consider the applicability of section 440.28, we express no opinion as to whether the circumstances here presented are such as to establish a basis for modification under the statute.
The order appealed is reversed and the cause remanded.
ERVIN and WIGGINTON, JJ., concur.