565 So.2d 867 (1990)
HILLSBOROUGH COUNTY SCHOOL BOARD and Alexis Risk Management Services, Inc. F/K/a Poe Risk Management Services, Inc., Appellants,
v.
Alcanez BROWN, Appellee.
No. 89-3311.
District Court of Appeal of Florida, First District.
August 13, 1990.
Frank Clark of Mitcham, Weed, Barbas, Allen & Morgan, Tampa, for appellants.
Ray Calafell, Jr. of Ray Calafell, Jr., P.A., Tampa, for appellee.
SHIVERS, Chief Judge.
The employer/carrier (E/C) in this workers' compensation case appeal an order directing payment of bills incurred by an unauthorized physician. We reverse.
Claimant, Alcanez Brown, sustained a compensable knee injury on April 29, 1988 and began receiving treatment by authorized neurologist, Dr. Richard Nyako. While returning from an appointment with Nyako in May 1988, claimant was involved in an automobile accident leaving her with back injuries. The E/C accepted compensability of the second accident, and again authorized Dr. Nyako.
After several months of conservative back treatment, Nyako felt that claimant had reached a plateau and should consult a surgeon to determine whether surgery was necessary. Although Nyako requested authorization of orthopedic surgeon Frederick McClimans, the E/C offered instead to authorize orthopedic surgeon Antonio Castellvi. *868 Claimant accepted Castellvi, was examined by him, and received an opinion that surgery was not necessary.
Nyako disagreed with Castellvi's opinion and once again requested authorization for a second opinion. The E/C this time authorized orthopedic surgeon John Baker. The claimant accepted, was examined, and received Baker's opinion as well that surgery was not necessary and that claimant could be treated conservatively.
In January 1989, Dr. Nyako wrote to the carrier advising them that he was sending claimant to Dr. McClimans for evaluation. Two days later, Nyako wrote a second letter to the carrier stating that McClimans had evaluated the claimant and recommended lumbar fusion surgery, and stating that he would hospitalize claimant for surgery as soon as he received final approval from the claimant's health insurance company. The carrier responded to Nyako approximately ten days later, stating that it would not authorize surgery based on Castellvi's and Baker's opinions that surgery was not necessary. On February 9, 1989, the claimant filed a claim stating "I am in need of emergency low back surgery as recommended by my treating physician, Dr. Nyako, but which my employer is refusing to provide... ." An application for hearing was then filed on February 15, 1989, stating "Carrier is refusing to provide me with the surgery recommended by my treating physician and his consultants." On February 24, 1989, prior to the hearing on the February 9, 1989 claim, and without having received authorization from the E/C, Dr. McClimans performed lumbar fusion surgery on the claimant.
After a hearing in November 1989, the JCC entered an order directing the E/C to pay all outstanding bills incurred as a result of claimant's surgery, to reimburse claimant any sums personally paid by her, and to pay costs and attorney's fees.
It is well settled that, except in emergency situations, a claimant who has been offered alternative medical care may not unilaterally obtain treatment from an unauthorized physician and later obtain reimbursement from the E/C. City of Ft. Lauderdale v. Flanders, 416 So.2d 1234 (Fla. 1st DCA 1982); E.T. Usher v. Cothron, 445 So.2d 387 (Fla. 1st DCA 1984); Wackenhut Corp. v. Freilich, 464 So.2d 217 (Fla. 1st DCA 1985). In such situations, the claimant must request a hearing and secure a ruling by the JCC prior to obtaining treatment. We agree with the appellant in the instant case that reversal of the JCC's order is necessary. There is no evidence in the record to suggest that claimant's surgery was necessary on an emergency basis, or that claimant could not have waited until after the scheduled hearing. Despite these facts, the claimant failed to wait until the reasonableness and necessity of the surgery could be determined by the JCC, and chose instead to proceed with surgery prior to the hearing. Because the claimant chose to undergo unauthorized non-emergency surgery where alternative treatment had been offered by the E/C, we reverse.
BOOTH and WOLF, JJ., concur.