599 So.2d 1319 (1992)
Ruth MARCY, Appellant,
v.
CHARLOTTE COUNTY SHERIFF'S OFFICE and Executive Risk Consultants, Appellees.
No. 91-803.
District Court of Appeal of Florida, First District.
April 30, 1992.
Brian O. Sutter of Wilkins, Frohlich, Jones, Hevia & Russell, P.A., Port Charlotte, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, for appellees.
SMITH, Judge.
Ruth Marcy, claimant below, appeals an order by the judge of compensation claims *1320 (JCC), denying her claim for payment of chiropractic care provided by an unauthorized physician. We affirm.
The primary issue, as stated in appellant's brief, is as follows:
THE JCC ERRED IN DENYING CLAIMANT'S CLAIM FOR PAYMENT OF PAST CHIROPRACTIC BILLS, WHERE CLAIMANT CONTINUOUSLY REQUESTED CHIROPRACTIC TREATMENT BY A CHIROPRACTOR OTHER THAN THAT AUTHORIZED BY THE E/C, BUT THE E/C NEVER OFFERED ANY OTHER CHIROPRACTIC CARE TO CLAIMANT, AND WHERE THE UNCONTRADICTED EVIDENCE IN THE RECORD ESTABLISHES THAT THE CHIROPRACTIC CARE RECEIVED BY CLAIMANT WAS REASONABLE AND NECESSARY.
The issue as framed by appellant does not set forth a basis for reversal. The legal issue, when framed in relation to the facts of the case, is whether claimant's mere request to be treated by a certain physician of her choice, other than the physician previously authorized by the E/C, obligates the E/C to either authorize the physician preferred by the claimant, or to offer treatment by yet another physician. The answer is no.
The pertinent statute is section 440.13(3), Florida Statutes (1989), which provides in part:
If an injured employee objects to the medical attendance furnished by the employer ... it shall be the duty of the employer to select another physician to treat the injured employee unless a judge of compensation claims determines that a change in medical attendance is not for the best interests of the injured employee; however, a judge of compensation claims may at any time, for good cause shown, in the judge of compensation claims' discretion, order a change in such remedial attention, care, or attendance... .
As the statute plainly states, the employee must object to the physician furnished by the E/C in order to impose upon the E/C the obligation of selecting another physician for treatment of the employee.[1]
In this case, although it is clear that the appellant expressed her desire to be treated by Dr. Bender, by whom she had been treated for a non-work-related accident, there is no evidence that the E/C was ever made aware that appellant objected to further treatment by Dr. Van Arsdale, who had been previously authorized and in fact had treated appellant for conditions resulting from her initial compensable accident. The necessity for such an objection is recognized by appellant, as indicated by arguments that appellant was "dissatisfied" with Dr. Van Arsdale. Although it may be true, as appellant testified before the JCC, that she "never did feel good" during her treatment by Dr. Van Arsdale, we find no reference by appellant to any testimony in the record establishing that appellant objected to any further treatment by him. Most significantly, there is no testimony that she communicated her dissatisfaction or objection to the E/C. Instead, we find testimony by the E/C's risk management specialist, unrefuted by appellant, that the E/C was never made aware that appellant did not like or was dissatisfied with Dr. Van Arsdale.
Both appellant and appellee agree that this court's opinion in Hill v. Beverly Enterprises, 489 So.2d 118 (Fla. 1st DCA 1986) correctly spelled out the duty of the E/C under section 440.13(3), when the employee becomes dissatisfied with the authorized physician. There the court stated, in part:
When the injured employee expresses dissatisfaction with the authorized physician and requests another, the burden is on the employer/carrier to provide for another physician or obtain an order from the deputy commissioner finding that a change in physicians would not be in the best interests of the employee. *1321 Sears, Roebuck & Co. v. Viera, 440 So.2d 49 (Fla. 1st DCA 1983). To avoid the responsibility for providing for such alternative care, the employer/carrier has the burden of showing that a change of physicians is not in the best interests of the employee. Ellerbee v. Concorde Roofing, 487 So.2d 388 (Fla. 1st DCA 1986). If the employer/carrier fails to provide alternative care or seek a ruling from the deputy commissioner, then the employee may obtain alternative care at the expense of the employer/carrier subject only to reasonableness and necessity. The employee may obtain a ruling on the reasonableness and necessity in advance or seek the alternative care and obtain such ruling afterwards.
Id. at 120, 121. Accordingly, the Hill court held, where the employee notified the employer's supervisor in charge of authorizing physicians that she was dissatisfied with the treatment received from the physician authorized by the E/C, and the E/C failed to direct her to another physician, the employee was entitled to seek another physician of her choice. Under these circumstances, although the E/C "was not bound to authorize the particular physician requested by the appellant, the employer could not refuse to provide any alternative care." Id. at 121. In footnote 1, page 121 of the Hill opinion, the court further explained: "If the employer had offered alternative care, and the employee had objected to such alternative care, the burden would then have been on the employee to obtain an order from the deputy approving a different physician. The employee would have to have done this before obtaining unauthorized treatment. (Citation omitted)."
Here, the appellant's claim for payment of Dr. Bender's bills for past treatment must be treated as simply a dispute over the selection of a treating physician. Since the initial right of selection is vested in the E/C, and the E/C had provided, and was providing, chiropractic care to the appellant, as to which appellant had not expressed dissatisfaction, appellant's request for authorization of Dr. Bender was properly treated by the E/C as a request for substitution of physicians. The law is clear that while the claimant has the right to dispute the E/C's selection for good cause, it is equally clear that where there is no emergency, and where there has been no breach by the E/C of its duty to provide an alternative physician, it is incumbent upon the claimant to formally initiate a claim for a change in physicians and to present the matter to the judge for determination. See, Robinson v. Howard Hall Co., 219 So.2d 688 (Fla. 1969); Hillsborough County School Board v. Brown, 565 So.2d 867 (Fla. 1st DCA 1990); Champlain Towers v. Dudley, 481 So.2d 532 (Fla. 1st DCA 1986); Wackenhut Corp. v. Freilich, 464 So.2d 217 (Fla. 1st DCA 1985); Usher v. Cothron, 445 So.2d 387 (Fla. 1st DCA 1984); City of Fort Lauderdale v. Flanders, 416 So.2d 1234 (Fla. 1st DCA 1982); Delta Airlines v. Underwood, 406 So.2d 1188 (Fla. 1st DCA 1981); and Mt. Sinai Medical Center v. Lack, 381 So.2d 304 (Fla. 1st DCA 1980). Cf. Lovell Bros., Inc. v. Kittles, 518 So.2d 319 (Fla. 1st DCA 1987) (cases construing section 440.13(3) as requiring prior approval by a judge of claimant's requested physician do not apply where the carrier never offered any physician other than three doctors objected to by claimant).
Here as in Champlain Towers, supra, it does not appear that appellant was merely seeking authorization for another physician, but was seeking authorization of the physician of her choice, without properly objecting to and expressing her dissatisfaction with her authorized physician. As in Champlain, the appellant's request was not one which would "trigger a renewed duty [upon the E/C] to tender alternative authorized care." 481 So.2d at 533.
Finally, while we do not find that the judge's order clearly states the basis for denial of Dr. Bender's medical bills, the result was correct under the facts and under the case law as above reviewed.
AFFIRMED.
WIGGINTON and MINER, JJ., concur.
NOTES
[1] This court in Champlain Towers v. Dudley, 481 So.2d 532, 533 (Fla. 1st DCA 1986), in addressing the duties imposed by the statute, stated, in part: "Although the statute imposes no requirement that claimant state grounds for objection, it clearly does impose the duty of a continuing good faith request for another authorization, to which carrier must in turn respond with reasonable alternatives until a `deadlock' requires the deputy's intervention.