WOLF, Judge.
Universal Studios and CNA Insurance Company, the employer and carrier (E/C), assert that (1) the judge of compensation claims (JCC) erred in requiring the E/C to pay Dr. Reckord’s outstanding unauthorized chiropractic bills, and (2) the JCC erred in ruling on claimant’s entitlement to indemnity benefits after he precluded the E/C from presenting evidence on this issue. We find that the JCC erred in both respects, and reverse.
The claimant was hired by Universal Studios on March 26, 1990. He alleged that on October 6, 1991, while working at the “Back to the Future” ride, he injured his upper back and neck area when an automatic door opened and struck him in the face. The claimant continued to work and did not report the injury. The next day, the claimant started noticing pain in the neck and upper back, and went to see Dr. Reckord on October 9, 1991, without prior authorization from the E/C. The claimant, on his second visit to the unauthorized chiropractor, requested that Dr. Reckord call the E/C for authorization to treat him. On October 11,1991, when Dr. Reekord’s office called the E/C to seek authorization, the claimant was told that Dr. Reckord would not be authorized. There is conflicting evidence as to whether the E/C told the claimant at that time that he could see Dr. Chaulk if he wished chiropractic treatment. Sometime prior to October 14, 1991, however, claimant was told that he was authorized to see Dr. Chaulk.
The claimant began treatment with Dr. Chaulk on October 16, 1991, and saw the doctor again on October 18,1991. The claimant told Dr. Chaulk that he was not going to continue treatment with him, and stated that he would rather see Dr. Reckord. According to the claimant, Dr. Chaulk told him that he would call the E/C and recommend that the claimant be treated by Dr. Reckord. There is no evidence in the record as to whether this request was made. The claimant admits that he never received any notification from the E/C which would indicate whether the E/C agreed to treatment by Dr. Reckord.
The claimant continued to treat with Dr. Reckord. The record is unclear whether he sought authorization from the E/C for another chiropractor prior to resuming treatment with Dr. Reckord. While claimant initially asserted that he was never told of other doctors, he admitted that he had probably received a letter from the E/C which offered the claimant the option to continue to treat with Dr. Chaulk or to receive treatment from one of two other chiropractors named in the letter. There is no evidence in the record which would indicate that the treatment with Dr. Reckord was done on an emergency basis, or. that the JCC ever authorized Dr. Reckord to be a treating physician.
During the hearing before the JCC, the E/C attempted to introduce information concerning indemnity benefits (these items were still at issue according to a pretrial stipulation filed in the case). The JCC stopped the E/C from presenting the evidence, and stated, “I don’t know where we’re going. This is not an indemnity claim, we’re just trying to *1184 get a doctor’s bill paid.” Neither the claimant nor his attorney attempted to correct the trial judge to state that they were still seeking indemnity benefits. In the final order, however, the JCC did in fact award indemnity benefits to the claimant.
The court has consistently held that the E/C is not responsible for treatment of a workers’ compensation claimant by an unauthorized doctor absent a medical emergency where authorized treatment is being provided by the E/C. Farm Stores v. Dyrda, 384 So.2d 269 (Fla. 1st DCA 1980); Hillsborough County Sch. Bd. v. Brown, 565 So.2d 867 (Fla. 1st DCA 1990); Colace v. Hamlet Estates, Ltd., 573 So.2d 994 (Fla. 1st DCA 1991). Under the circumstances of this case, the JCC, therefore, erred in requiring the E/C to pay for treatment previously rendered by an unauthorized physician. We also determine that it was error for the JCC to award indemnity benefits where he did not allow the E/C to present evidence as to this issue. The order is reversed, and this case is remanded for further proceedings concerning the claimant’s entitlement to indemnity benefits.
JOANOS and BENTON, JJ., concur.