BARFIELD, Judge.
The employer/carrier (E/C) appeal a worker’s compensation order awarding temporary disability and medical benefits. They contend that the Judge of Compensation Claims (JCC) abused his discretion in finding them responsible for the bills of Dr. Sunter, a neurologist, asserting that the claimant unilaterally obtained his treatment after they offered her alternative care, without seeking prior approval by the JCC. They contend that the JCC abused his discretion in awarding temporary total disability (TTD) benefits after April 21, 1993 (when Dr. Sunter began treating her), because the issue was not raised in the claimant’s pleadings and they did not consent to have the issue tried at the hearing. Finally, they argue that the JCC’s finding that the claimant was temporarily totally disabled for the period in question was not supported by competent substantial evidence, asserting that Dr. Sunter’s opinion was outweighed by the testimony of two other doctors. We affirm.
Competent substantial evidence supports the JCC’s finding that the E/C’s actions with regard to the claimant’s request \for treatment by a neurologist did not constitute an offer of reasonable alternatives for treatment, and that he therefore did not abuse his discretion in ordering the E/C to pay Dr. Sunter’s bill. See Colace v. Hamlet Estates, Ltd., 573 So.2d 994 (Fla. 1st DCA 1991); Lovell Bros. v. Kittles, 518 So.2d 319 (Fla. 1st DCA 1987). The E/C’s reliance on Usher v. Cothron, 445 So.2d 387 (Fla. 1st DCA 1984) and Wackenhut v. Freilich, 464 So.2d 217 (Fla. 1st DCA 1985) is misplaced. In those eases the E/C offered alternatives for treatment, and there was no finding that *837 the E/C’s actions were not reasonable. Notwithstanding that the claimant did not file a formal claim for TTD benefits for the period in question, but instead filed claims for “full temporary partial wage loss benefits without use of the 80/80 rule as claimant is unable to earn wages, salary or other remuneration for the period 12/4/92 through 12-17-92 and continuing” and “in the alternative to full temporary partial disability benefits, payment of wage loss benefits for the period 12/4/92 through 12-17-92 and continuing,” the E/C had adequate notice of the issue before the hearing from Dr. Sunter’s deposition testimony that claimant had not been able to work since he began treating her. Competent substantial evidence supports the JCC’s findings that the issue was ripe for adjudication and that the E/C would not be prejudiced by the issue being heard. The JCC did not abuse his discretion in accepting the testimony of Dr. Sunter, the claimant’s treating physician, over that of two other doctors with regard to her ability to work during the period in question.
AFFIRMED. The claimant’s motion for appellate attorney fees is GRANTED and the case is REMANDED to the Judge of Compensation Claims for determination of the amount of a reasonable fee.
KAHN and VAN NORTWICK, JJ„ concur.