977 So.2d 667 (2008)
Gloria HAMPTON, Appellant,
v.
FANTASTIC SAM'S and United Self Insured Services, Appellees.
No. 1D06-6234.
District Court of Appeal of Florida, First District.
February 25, 2008.
Rehearing Denied April 1, 2008.
*668 Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee; Susan W. Fox of Fox & Loquasto, P.A., Tampa; and Laurie T. Miles of Smith, Feddeler, Smith & Miles, P.A., Lakeland, for Appellant.
Bettina N. Carrier of Ross Vecchio, P.A., Lakeland, for Appellees.
THOMAS, J.
Claimant appeals the JCC's order denying payment for previously received psychiatric care and denying further psychiatric treatment. Because we determine that the JCC erred by overruling his previous order when denying payment of Claimant's previously received psychiatric treatment, we reverse in part and remand. We affirm the JCC's denial of payment of other previously received psychiatric care and authorization of further treatment, as no authority exists in chapter 440, Florida Statutes, for a physician to transfer a claimant's care to another physician upon the original physician's retirement.

Facts and Procedural History
Claimant was employed as a hairstylist from 1989 until 2002. She suffered two work-related accidents in 2001 and 2002, which Employer/Carrier (E/C) accepted as compensable. After attempting numerous therapies as well as a reduced work schedule, she could not alleviate the pain in her arms; therefore, Employer could no longer employ her, and Claimant became increasingly depressed because she could no longer work as a hairstylist. Claimant's attorney corresponded with E/C on February 5, 2003, requesting psychiatric care, but E/C did not authorize treatment. Id. In April 2003, Claimant began treating with Dr. Arturo Gonzalez, who subsequently diagnosed her with depression.
Claimant sent Dr. Gonzalez's bill to E/C on April 14, 2003, along with another treatment request; both were denied. E/C later requested an independent medical examination, where Claimant was diagnosed with depression attributable to her workplace injuries and it was found that Dr. Gonzalez's treatment was reasonable and necessary. In September 2003, E/C authorized psychiatric care and provided Claimant with the names of three psychiatrists. Claimant instead elected to continue *669 treating with Dr. Gonzalez and, following his retirement, with Dr. Gonzalez' partner and nurse, Dr. Charles Walker and Nurse Susan Hansted.
After a merits hearing held in 2003, the Judge of Compensation Claims (JCC) issued a final order granting Claimant indemnity benefits. In his 2004 order, the JCC admitted Dr. Gonzalez's testimony over E/C's objection, finding that Dr. Gonzalez became an authorized provider by operation of law pursuant to section 440.13(2), Florida Statutes (2001), as Claimant had requested psychiatric care on January 31, 2003, but E/C had refused "for some time" to provide such treatment. The JCC found Dr. Gonzalez's treatment to be reasonable and necessary as a result of Claimant's workplace injuries, and he accepted Dr. Gonzalez's testimony as that of an authorized treating physician "for all purposes." The JCC recognized that Claimant had not filed a petition for psychiatric treatment at the time of the 2003 merits hearing because her claim for psychiatric treatment was still within the managed care grievance process.
In 2004 and 2005, Claimant filed several petitions for benefits seeking payment of her medical bills and authorization for future psychiatric care. E/C denied the petitions for benefits because Drs. Gonzalez and Walker and Nurse Hansted were not authorized treating providers, Claimant had not exhausted the managed care grievance procedure, and it had timely authorized three alternative psychiatrists within the managed care network.
A merits hearing was held in 2006 on Claimant's medical benefits claim. The JCC denied payment of Dr. Gonzalez's bills and any further treatment, finding that Claimant had waived the issue of whether she was entitled to psychiatric care by not raising it in a petition seeking such care before the 2003 merits hearing. The JCC concluded that his 2004 order was res judicata on the issue of Claimant's entitlement to psychiatric care and payment of her medical bills. The JCC acknowledged that in his 2004 order he accepted Dr. Gonzalez's testimony as that of an authorized provider, but not as an authorized psychiatric care provider. The JCC further found that he had not ruled on Claimant's entitlement to psychiatric care in 2004 because her claim was still within the managed care grievance process.
The JCC also denied Claimant's request for payment of Dr. Walker's and Nurse Hansted's bills and her request for authorization of future treatment with them, reasoning that even if he had authorized treatment with Dr. Gonzalez, then Dr. Gonzalez's retirement would have terminated the authorization. The JCC concluded that Dr. Gonzalez did not have the authority under chapter 440, Florida Statutes, to transfer his patients to Dr. Walker. The JCC further found that E/C had timely offered psychiatric care and treatment in August 2003. The JCC also denied Claimant's request for attorneys' fees, finding that Claimant was not a prevailing party.

Legal Analysis
Claimant first argues that the JCC erred by denying payment of Dr. Gonzalez's bills and, second, that the JCC erred by denying payment of Dr. Walker's and Nurse Hansted's bills as well as authorization of future treatment with them. Applying the competent, substantial evidence standard of review to the JCC's factual findings, and the de novo standard of review to the JCC's legal conclusions, we reverse the first issue raised on appeal and affirm the second issue. See Mylock v. Champion Int'l, 906 So.2d 363, 365 (Fla. 1st DCA 2005).
*670 Although he did not specifically rule on Claimant's entitlement to psychiatric care in 2004, the JCC accepted Dr. Gonzalez's testimony as that of an authorized treating provider "for all purposes" by operation of law under section 440.13(2)(c), Florida Statutes (2001). In his 2006 order, the JCC found that E/C timely authorized three alternative psychiatrists and denied payment of Dr. Gonzalez's bills, thus overruling his 2004 finding that E/C did not timely offer psychiatric care to Claimant. This was error. See Escobar v. Economy Awning Co., 559 So.2d 367 (Fla. 1st DCA 1990) (holding that the JCC could not overrule his explicit finding that the claimant's injury was compensable in a later order). Accordingly, we reverse the portion of the JCC's order denying payment of Dr. Gonzalez's bills.
We find that the JCC correctly determined that Dr. Gonzalez did not have the authority under chapter 440 to transfer Claimant's care to Dr. Walker and Nurse Hansted. Workers' compensation is entirely a creature of statute. See Shaw v. Cambridge Integrated Servs. Group, Inc., 888 So.2d 58, 60 (Fla. 4th DCA 2004); see also Farhangi v. Dunkin Donuts, 728 So.2d 772, 773 (Fla. 1st DCA 1999) ("A JCC has no authority or jurisdiction beyond what is specifically conferred by statute."). Nothing in chapter 440 gives an authorized treating physician the authority to transfer care to another physician upon his retirement, and generally a claimant may not select a physician of his or her choice without the e/c's prior authorization. See Marcy v. Charlotte County Sheriffs Office, 599 So.2d 1319, 1321 (Fla. 1st DCA 1992). Accordingly, we affirm that portion of the JCC's order denying payment of Dr. Walker's and Nurse Hansted's bills and denying further treatment with them.
Because Claimant has prevailed in part on her claim, we reverse that portion of the JCC's order denying attorneys' fees and remand with instructions to determine the extent of the award.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions consistent with this opinion.
POLSTON and HAWKES, JJ., concur.